

ORIGINAL FILED

NOV 22 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

1  DARON L. TOOCH (State Bar No. 137269)
   KATHERINE M. DRU (State Bar No. 280231)
2  **HOOPER, LUNDY & BOOKMAN, P.C.**
   1875 Century Park East, Suite 1600
3  Los Angeles, California 90067-2517
   Telephone: (310) 551-8111
4  Facsimile: (310) 551-8181
   E-Mail:  dtooch@health-law.com
5
   Attorneys for Plaintiffs BAY AREA
6  SURGICAL GROUP, INC.; KNOWLES
   SURGERY CENTER, LLC, NATIONAL
7  AMBULATORY SURGERY CENTER,
   LLC, LOS ALTOS SURGERY CENTER,
8  LP, FOREST SURGERY CENTER, LP and
   SOAR SURGERY CENTER, LLC
9

10              **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

12

13  BAY AREA SURGICAL GROUP,          CASE NO. CV 13-05430 HRL
    INC.; KNOWLES SURGERY
14  CENTER, LLC; NATIONAL             **COMPLAINT**
    AMBULATORY SURGERY CENTER,
15  LLC; LOS ALTOS SURGERY            1. **RECOVERY OF BENEFITS**
    CENTER, LP; FOREST AMBULATORY        **UNDER 29 U.S.C. § 1132(a)(1)(B)**
16  SURGICAL ASSOCIATES, LP; SOAR     2. **BREACH OF FIDUCIARY DUTY**
    SURGERY CENTER, LLC,                 **UNDER 29 U.S.C. § 1132(a)(2)**
17                                     3. **PRODUCTION OF**
                Plaintiffs,              **DOCUMENTS AND PENALTIES**
18                                       **UNDER 29 U.S.C. §§ 1024(b),**
         vs.                             **1133(2), and 1132(c)(1)**
19                                     4. **UNFAIR BUSINESS ACTS AND**
    AETNA LIFE INSURANCE                 **PRACTICES § 17200**
20  COMPANY; LOCKHEED MARTIN
    CORPORATION, a Maryland           Trial Date:      None Set
21  corporation; LOCKHEED MARTIN
    HEALTHWORKS PLAN; LOCKHEED
22  MARTIN CORPORATION FLEXIBLE
    BENEFITS PLAN; ADOBE SYSTEMS
23  INCORPORATED, a Delaware
    corporation; ADOBE SYSTEMS
24  INCORPORATED GROUP WELFARE
    PLAN; COSTCO WHOLESALE
25  CORPORATION, a Washington
    corporation; COSTCO WHOLESALE
26  CORPORATION EMPLOYEE
    BENEFITS PLAN PROGRAM;
27  APPLIED MATERIALS, INC., a
    Delaware corporation; APPLIED
28  MATERIALS, INC., WELFARE PLAN;





1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   BROADCOM CORPORATION, a
2   California corporation; BROADCOM
    CORPORATION WELFARE PLAN;
3   VMWARE, INC., a Delaware
    corporation; VMWARE, INC.
4   FLEXIBLE SPENDING ACCOUNT
    PLAN; VMWARE GROUP HEALTH
5   PLAN; YAHOO! INC., a Delaware
    corporation; YAHOO INC. HEALTH
6   AND WELFARE PLAN; XILINX,
    INC., a Delaware corporation;
7   XILINX INC. HEALTH AND
    WELFARE PLAN; BECTON
8   DICKINSON AND COMPANY, a New
    Jersey corporation; SAP AMERICA,
9   INC., a Delaware corporation; SAP
    AMERICA HEALTH & WELFARE
10  PLAN; NATIONAL
    SEMICONDUCTOR CORPORATION,
11  a Delaware corporation; NATIONAL
    SEMICONDUCTOR CORPORATION
12  FLEXIBLE LIFE INSURANCE PLAN;
    NATIONAL SEMICONDUCTOR
13  CORPORATION COMPREHENSIVE
    MEDICAL AND DENTAL PLAN;
14  SALESFORCE.COM, INC., dba
    DELAWARE SALESFORCE.COM, a
15  Delaware corporation;
    SALESFORCE.COM HEALTH AND
16  WELFARE PLAN; ERICSSON INC.,
    dba EUS INC., a Delaware corporation;
17  ERICSSON FLEXIBLE BENEFITS
    PLAN; FACEBOOK, INC., a Delaware
18  corporation; FACEBOOK, INC.
    HEALTH AND WELFARE PLAN;
19  UNITED PARCEL OF AMERICA,
    INC., a Delaware corporation;
20  UPS FLEXIBLE BENEFITS PLAN;
    ALTERA CORPORATION, dba
21  DELAWARE ALTERA
    CORPORATION, a Delaware
22  corporation; ALTERA CORPORATION
    HEALTH, LIFE AND DISABILITY
23  PLAN; JABIL CIRCUIT, INC., a
    Delaware corporation; JABIL CIRCUIT,
24  INC. HEALTH BENEFIT PLAN;
    AVAYA, INC., a Delaware corporation;
25  AVAYA, INC. REPRESENTED
    EMPLOYEES POST-RETIREMENT
26  HEALTH BENEFITS TRUST; THE
    AVAYA INC. HEALTH & WELFARE
27  BENEFITS PLAN FOR SALARIED
    EMPLOYEES; AVAYA INC.
28  MEDICAL EXPENSE PLAN; AVAYA
    INC. RETIREE MEDICAL EXPENSE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   PLAN FOR SALARIED EMPLOYEES;
AVAYA INC. HEALTH & WELFARE
2   BENEFITS PLAN; THE AVAYA INC.
HEALTH AND WELFARE BENEFITS
3   PLAN FOR RETIREES; THE AVAYA
INC. HEALTH AND WELFARE
4   BENEFITS PLAN FOR SALARIED
RETIREES; BANK OF AMERICA
5   CORPORATION, a Delaware
corporation; BANK OF AMERICA
6   GROUP BENEFITS PROGRAM;
BANK OF AMERICA CORPORATION
7   CORPORATE BENEFITS
COMMITTEE;
8   STMICROELECTRONICS, INC., a
Delaware corporation;
9   STMICROELECTRONICS, INC.
EMPLOYEE WELFARE BENEFITS
10  PLAN; CITIGROUP INC., a Delaware
corporation; CITIGROUP FLEXIBLE
11  BENEFITS PLAN; CITIGROUP
HEALTH BENEFIT PLAN; CANON
12  U.S.A., INC. a New York corporation;
CANON WELFARE BENEFIT PLAN;
13  SYMANTEC CORPORATION, a
Delaware corporation; SYMANTEC
14  CORPORATION GROUP WELFARE
BENEFIT PLAN; SRI
15  INTERNATIONAL, a California
corporation; ECHELON
16  CORPORATION, a Delaware
corporation; ECHELON EMPLOYEE
17  BENEFIT PLAN; VISHAY
INTERTECHNOLOGY, INC., a
18  Delaware corporation; VISHAY
INTERTECHNOLOGY, INC.
19  WELFARE PLAN; LIFE
TECHNOLOGIES CORPORATION, a
20  Delaware corporation; LIFE
TECHNOLOGIES CORPORATION
21  HEALTH AND WELFARE PLAN;
TYCO ELECTRONICS
22  CORPORATION, a Pennsylvania
corporation; TYCO ELECTRONICS
23  CORPORATION HEALTH AND
WELFARE PLAN; ALIGN
24  TECHNOLOGY, INC., dba (Delaware)
ALIGN TECHNOLOGY, INC., a
25  Delaware corporation; ALIGN
TECHNOLOGY, INC. HEALTH AND
26  WELFARE PLAN; INFOSYS
LIMITED, an India corporation;
27  INFOSYS LIMITED HEALTH &
WELFARE BENEFIT PLAN; FIRST
28  SOLAR, INC., a Delaware corporation;

COMPLAINT

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  FIRST SOLAR, INC. GROUP HEALTH
2  INSURANCE PLAN; RENESAS
   ELECTRONICS AMERICA, INC., a
3  California corporation; RENESAS
   ELECTRONICS AMERICA INC.
4  BENEFIT PLAN; PLEXUS CORP., a
   Wisconsin corporation; HEALTH PLAN
5  FOR EMPLOYEES OF PLEXUS
   CORP; TUTOR PERINI
6  CORPORATION, a Massachusetts
   corporation; TUTOR PERINI
7  CORPORATION HEALTH AND
   WELFARE PLAN; CEPHEID, a
8  California corporation; CEPHEID
   CONSOLIDATED WELFARE
9  BENEFIT PLAN; HYATT
   CORPORATION, a Delaware
10 corporation; HYATT CORPORATION
   WELFARE BENEFIT PLAN; GLOBAL
11 FOUNDRIES U.S., INC., a Delaware
   corporation; GLOBALFOUNDRIES
12 U.S., INC. WELFARE BENEFIT
   PLAN; LIVEOPS, INC., a Delaware
13 corporation; LIVEOPS, INC. HEALTH
   AND WELFARE PLAN; SECURITAS
14 SECURITY SERVICES USA, INC., a
   Delaware corporation; SECURITAS
15 SECURITY SERVICES USA, INC.
   WELFARE BENEFIT PLAN;
16 BRIDGE CAPITAL HOLDINGS, a
   California corporation; BRIDGE BANK,
17 N.A. EMPLOYEE BENEFIT PLAN;
   SANMINA CORPORATION, a
18 Delaware corporation; SANMINA
   CORPORATION HEALTH AND
19 WELFARE BENEFIT PLAN;
   HOSPIRA, INC., a Delaware
20 corporation; HOSPIRA FLEXIBLE
   BENEFITS PLAN; HOSPIRA HEALTH
21 CARE PLAN; PANASONIC
   CORPORATION OF NORTH
22 AMERICA, a Delaware corporation;
   PANASONIC GROUP
23 COMPREHENSIVE MEDICAL AND
   DENTAL PLAN; DELL INC., a
24 Delaware corporation; DELL, INC., c/o
   NICKI HUSCHKA; SONICWALL,
25 INC. HEALTH & WELFARE BENEFIT
   PLAN; INFINEON TECHNOLOGIES
26 NORTH AMERICA CORP, a Delaware
   corporation; INFINEON
27 TECHNOLOGIES WELFARE
   BENEFIT PLAN; COX ENTERPRISES,
28 INC., a Delaware corporation; COX
   ENTERPRISES, INC. WELFARE

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  BENEFIT PLAN; CA, INC. a Delaware
corporation;  CA, INC.
2  COMPREHENSIVE HEALTH AND
WELFARE PLAN; SYBASE, INC., a
3  Delaware corporation; SYBASE, INC.
GROUP WELFARE PLAN;
4  MANPOWER, INC./CALIFORNIA
PENINSULA, a Wisconsin corporation;
5  CHECK POINT SOFTWARE
TECHNOLOGIES, INC., a Delaware
6  corporation; CHECK POINT
SOFTWARE TECHNOLOGIES INC.
7  WELFARE PLAN; RELIANCE STEEL
& ALUMINUM CO., a California
8  corporation; RELIANCE STEEL &
ALUMINUM CO., LIFE,
9  ACCIDENTAL DEATH &
DISMEMBERMENT HEALTH PLAN;
10  TOYS 'R' US-DELAWARE, INC. a
Delaware corporation; TOYS 'R' US
11  EMPLOYEE BENEFIT PLAN;
ADP TOTALSOURCE, INC., a Florida
12  corporation; ADP TOTALSOURCE,
INC. HEALTH AND WELFARE
13  PLAN; OMRON MANAGEMENT
CENTER OF AMERICA, INC., a
14  Delaware corporation; OMRON
MANAGEMENT CENTER OF
15  AMERICA, INC. EMPLOYEE
WELFARE PLAN; BMC SOFTWARE,
16  INC. a Delaware corporation; BMC
SOFTWARE, INC. HEALTH AND
17  WELFARE BENEFIT PLAN; KPMG
LLP, a Delaware limited liability
18  partnership; KPMG LLP HEALTH
PLANS; TESORO CORPORATION, a
19  Delaware corporation; TESORO
CORPORATION OMNIBUS GROUP
20  WELFARE BENEFITS PLAN;
MARSH & MCLENNAN
21  COMPANIES, INC., a Delaware
corporation; MARSH & MCLENNAN
22  COMPANIES, INC. EMPLOYER
FUNDED WELFARE BENEFIT PLAN;
23  AMGEN, INC., a Delaware corporation;
AMGEN, INC. MASTER BENEFITS
24  PLAN; ARROW ELECTRONICS, INC.,
a New York corporation; ARROW
25  ELECTRONICS WELFARE BENEFITS
PLAN; STANTEC CONSULTING
26  SERVICES, INC., a New York
corporation; STANTEC HEALTH
27  PLAN; IHS, INC., a California
corporation; IHS EMPLOYEE
28  BENEFIT PLAN: J.C. PENNEY

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 ● FAX: (310) 551-8181

1  CORPORATION, INC., a Delaware
   corporation; J.C. PENNEY
2  CORPORATION, INC. HEALTH &
   WELFARE BENEFITS PLAN; J.C.
3  PENNEY CORPORATION, INC.
   BENEFITS ADMINISTRATION
4  COMMITTEE; PIONEER NORTH
   AMERICA, INC., a Delaware
5  corporation; PIONEER NORTH
   AMERICA, INC. GROUP LIFE,
6  HEALTH DISABILITY PLAN;
   SUMTOTAL SYSTEMS, INC., a
7  Delaware corporation; SUMTOTAL
   SYSTEMS GROUP HEALTH &
8  WELFARE PLAN; INTEVAC, INC., a
   Delaware corporation; INTEVAC LIFE
9  AND WELFARE PLAN; GCA
   SERVICES GROUP, INC., a Delaware
10 corporation; GCA SERVICES GROUP
   HEALTH AND WELFARE PLAN;
11 THE WESTERN UNION COMPANY,
   dba T.W.U.C., a Delaware corporation;
12 THE WESTERN UNION COMPANY
   HEALTH AND WELFARE BENEFIT
13 PLAN; NDS SURGICAL IMAGING
   LLC., a Delaware limited liability
14 company; NDS SURGICAL IMAGING,
   LLC WELFARE BENEFITS PLAN;
15 COMPASS GROUP USA, INC., a
   Delaware corporation; EMPLOYEE
16 BENEFIT PLAN OF THE COMPASS
   GROUP USA, INC.; BAE SYSTEMS,
17 INC., a Delaware corporation; BAE
   SYSTEMS FUNDED WELFARE
18 BENEFIT PLAN; TIN INC., a Delaware
   corporation; TEMPLE-INLAND
19 HEALTH & WELFARE BENEFITS
   WRAP PLAN; FIDELITY NATIONAL
20 FINANCIAL, INC., a Delaware
   corporation; FIDELITY NATIONAL
21 FINANCIAL, INC. WELFARE PLAN;
   SOFTWARE AG USA, INC., a
22 Delaware corporation; SOFTWARE AG
   USA, INC. WELFARE BENEFITS
23 PLAN; BAUSCH & LOMB
   INCORPORATED, a New York
24 corporation; BAUSCH & LOMB
   COMPREHENSIVE MEDICAL PLAN;
25 AVIDEX INDUSTRIES, L.L.C., a
   Washington limited liability company;
26 AVIDEX INDUSTRIES HEALTH AND
   WELFARE BENEFIT PLAN;
27 INNOVION CORPORATION, a
   California corporation; INNOVION
28 CORP HEALTH PLAN; PINNACLE

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   BANK, a California corporation;
PINNACLE BANK; PARAGON
2   BENEFITS; INVENTIV HEALTH,
INC., a Delaware corporation;
3   INVENTIV HEALTH, INC.
EMPLOYEE HEALTH CARE
4   PROGRAM; URS CORPORATION, a
Delaware corporation; URS
5   CORPORATION WELFARE
BENEFITS PLAN; HARSCO
6   CORPORATION, a Delaware
corporation; HARSCO CORPORATION
7   INSURANCE PLAN; RIGHT
MANAGEMENT CONSULTANTS,
8   INC., a Pennsylvania corporation; WPP
GROUP HOLDINGS CORP., a
9   Delaware corporation; WPP GROUP
USA, INC. BENEFITS PLAN;
10  FUSIONSTORM, a Delaware
corporation; FUSIONSTORM HEALTH
11  AND WELFARE PLAN; OWENS
CORNING, a Delaware corporation;
12  OWENS CORNING HEALTH CARE &
BENEFITS PLAN FOR ACTIVE
13  EMPLOYEES; GRAEBEL
COMPANIES, INC., a Delaware
14  corporation; GRAEBEL COMPANIES,
INC. HEALTH AND WELFARE
15  PLAN; INTELLECTUAL VENTURES
MANAGEMENT, LLC, a Washington
16  limited liability company;
INTELLECTUAL VENTURES
17  MANAGEMENT, LLC HEALTH AND
WELFARE PLAN; ENCORE
18  INDUSTRIES, INC., a Ohio corporation;
ENCORE INDUSTRIES INC.
19  EMPLOYEES WELFARE BENEFIT
PLAN; KFORCE, INC., a Florida
20  corporation; KFORCE INC. GROUP
INSURANCE PLAN; SPX
21  CORPORATION, a Delaware
Corporation; SPX CORPORATION
22  COMPREHENSIVE MEDICAL CARE
PLAN; ADMINISTRATIVE
23  COMMITTEE SPX CORPORATION;
TOLT, LLC, a Delaware Limited
24  Liability Company; TOLT SERVICE
GROUP; TOLT TECHNOLOGIES
25  BENEFIT WELFARE PLAN; UBS
FINANCIAL SERVICES, INC., a
26  Delaware corporation; UBS
FINANCIAL SERVICES, INC. GROUP
27  HEALTH AND WELFARE BENEFITS
PLAN; LOUIS DIMARIA, C/O UBS
28  FINANCIAL SERVICES, INC;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 ● FAX: (310) 551-8181

1  ALCATEL-LUCENT U.S.A., INC., a
Delaware corporation; ALCATEL-

2  LUCENT MEDICAL EXPENSE PLAN
FOR MANAGEMENT EMPLOYEES;

3  ALCATEL-LUCENT MEDICAL
EXPENSE PLAN FOR

4  OCCUPATIONAL EMPLOYEES;
AMAZON CORPORATE, LLC, a

5  Delaware limited liability company;
AUTOMATIC DATA PROCESSING

6  INSURANCE AGENCY, INC., a New
Jersey corporation; AUTOMATIC

7  DATA PROCESSING, INC. FLEX 2000
PLAN; BARRACUDA NETWORKS,

8  INC., a Delaware corporation;
BARRACUDA NETWORKS, INC.

9  BENEFIT PLAN; BLUE COAT
SYSTEMS, INC., a Delaware

10  corporation; BLUE COST SYSTEMS,
INC. FLEXIBLE BENEFIT PLAN;

11  BOEHRINGER INGELHEIM
FREMONT, INC., a Delaware

12  corporation; BONHAMS &
BUTTERFIELDS AUCTIONEERS

13  CORPORATION; BUTTERFIELDS
CONSOLIDATED WELFARE PLAN;

14  BOOZ ALLEN HAMILTON, a
Delaware corporation; BOOZ ALLEN

15  HAMILTON INC. ALL RISK
INSURANCE; CADENCE DESIGN

16  SYSTEMS, INC., a Delaware
corporation; CADENCE GROUP LIFE,

17  HEALTH AND DISABILITY PLAN;
CANON ANELVA CORP, a Japan

18  corporation; CHIPOTLE MEXICAN
GRILL, INC. a Delaware corporation;

19  CHIPOTLE MEXICAN GRILL INC.
FLEXIBLE BENEFITS PLAN;

20  COACH, INC., a Maryland corporation;
COACH, INC. WELFARE BENEFIT

21  PLAN; COGNIZANT TECHNOLOGY
SOLUTIONS U.S. CORPORATION, a

22  Delaware corporation; COGNIZANT
HEALTH & WELFARE BENEFIT

23  PLAN; CORVEL CORPORATION, a
Delaware corporation; CORVEL

24  CORPORATION WELFARE
BENEFITS PLAN; DIAGEO NORTH

25  AMERICA INC., a Connecticut
corporation; DURAN & VENEABLES,

26  INC., a California corporation;
DYNAMIC DETAILS DESIGN, LLC, a

27  Delaware limited liability company;
DYNAMIC DETAILS, INC.,

28  WELFARE BENEFIT PLAN: EMULEX

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 ● FAX: (310) 551-8181

1  CORPORATION, a California corporation; EMULEX – THE

2  FLEXIBLE BENEFITS PROGRAM FOR EMULEX EMPLOYEES;

3  ERICSSON TELEVISION, INC., a Delaware corporation; ERICSSON

4  TELEVISION, INC., EMPLOYEE BENEFIT PACKAGE;

5  GLAXOSMITHKLINE, LLC, a Delaware limited liability company;

6  GLAXOSMITHKLINE, HEALTH AND WELFARE BENEFITS PLAN;

7  HGST, INC., a Delaware corporation; HITACHI GLOBAL

8  STORAGE/TECHNOLOGIES, INC. WELFARE BENEFIT PLAN;

9  INFOTECH ENTERPRISES AMERICA, INC., a California

10  corporation; INFOTECH ENTERPRISES AMERICA, INC.

11  MEDICAL AND DENTAL PLAN; J. CREW, INC., a Delaware corporation;

12  GROUP INS. PLAN FOR ASSOCIATES OF J. CREW GROUP,

13  INC.; L-3 COMMUNICATIONS CORPORATION, a Delaware

14  corporation; L-3 COMMUNICATIONS FUNDED GROUP HEALTH AND

15  WELFARE PLAN; LEHIGH HANSON, INC., a Delaware corporation; LEHIGH

16  HANSON INC. HEALTH & WELFARE PLAN ACTIVE EMPLOYEES;

17  MICROSEMI CORPORATION, a Delaware corporation; MICROSEMI

18  GROUP BENEFITS PLAN; NATUS MEDICAL INCORPORATED, a

19  Delaware corporation; NATUS MEDICAL HEALTH AND WELFARE

20  PLAN; NORTHWESTERN POLYTECHNIC UNIVERSITY, a

21  California corporation; OASIS OUTSOURCING HOLDINGS, INC., a

22  Florida corporation; OASIS OUTSOURCING HOLDINGS, INC.

23  EMPLOYEE WELFARE BENEFITS PLAN; OPTICOMP CORPORATION, a

24  California corporation; PAYCHEX, INC., a Delaware corporation;

25  PAYCHEX, INC., EMPLOYEE HEALTH BENEFITS PLAN;

26  PVH CORP., a Delaware corporation; PVH CORP. & SUBSIDIARIES

27  HEALTH & WELFARE PLAN; POLE TO WIN AMERICA, INC., a

28  California corporation; SCIENCE

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   APPLICATIONS INTERNATIONAL
    CORP., a Delaware corporation;
2   SCIENCE APPLICATIONS
    INTERNATIONAL CORPORATION
3   WELFARE BENEFITS TRUST;
    SEMTECH CORP., a Delaware
4   corporation; SEMTECH CORP GROUP
    MEDICAL AND DENTAL PLAN; R.
5   STEVEN PETERS, INC., a California
    corporation; TE CONNECTIVITY
6   NETWORKS, INC., a Delaware
    corporation; TELENAV, INC., a
7   Delaware corporation; TELENAV
    HEALTH AND WELFARE PLAN;
8   TRIDENT MICROSYSTEMS, INC., a
    California corporation; TRIDENT
9   MICROSYSTEMS, INC. HEALTH
    AND WELFARE BENEFIT PLAN;
10  THE KLEINFELDER GROUP, INC., a
    California corporation; THE
11  KLEINFELDER GROUP, INC.
    HEALTH AND WELFARE PLAN;
12  TOYOTA MOTOR SALES USA, INC.,
    a California corporation; TWEEN
13  BRANDS, INC., a Delaware
    corporation; TWEEN BRANDS, INC.,
14  COMPREHENSIVE WELFARE
    BENEFITS PLAN; UNISOURCE
15  WORLDWIDE, INC,, a Delaware
    corporation; VITESSE
16  SEMICONDUCTOR CORPORATION,
    a Delaware corporation; VWR
17  INTERNATIONAL, LLC., a Delaware
    limited liability company; VWR
18  INTERNATIONAL, LLC WELFARE
    BENEFIT PLAN; WPG AMERICAS,
19  INC, a California corporation; WPG
    AMERICAS HEALTH AND
20  WELFARE PLAN; WYCLIFFE BIBLE
    TRANSLATORS, INC., a California
21  corporation; WYCLIFFE BIBLE
    TRANSLATORS, INC. MEDICAL
22  HEALTH PLAN HMO; AL-RAZAQ
    ENTERPRISES GROUP
23  INCORPORATED, a Texas corporation;
    CORDEVALLE, L.P., a California
24  limited partnership; CORDEVALLE
    WELFARE BENEFITS PLAN; FIRST
25  AMERICAN FINANCIAL
    CORPORATION, a Delaware
26  corporation; FIRST AMERICAN
    FINANCIAL CORPORATION GROUP
27  LIFE, MEDICAL, DENTAL &
    DISABILITY BENEFITS TRUST;
28  K.R. ANDERSON, INC., a California

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14

corporation; K.R. ANDERSON GROUP WELFARE PLAN; LVI SERVICES, INC., a Delaware corporation; LVI SERVICES, INC. HEALTH BENEFIT PLAN; PRAXAIR, INC., a Delaware corporation; PRAXAIR MEDICAL PLAN; SCI MANAGEMENT, LLC, a Minnesota limited liability company; ZETTA, INC., dba DELAWARE ZETTA, a Delaware corporation; LUMINEX CORPORATION, a Delaware corporation; HATHAWAY DINWIDDIE CONSTRUCTION COMPANY, a California corporation; HATHAWAY DINWIDDIE GROUP MEDICAL AND DENTAL PLAN; SAUDI ARABIAN CULTURAL MISSION; ROYAL EMBASSY OF SAUDI ARABIA; UNITED STATES DEPARTMENT OF DEFENSE, a governmental agency; FARMERS INSURANCE COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive,

Defendants.

15

16   PLAINTIFFS Bay Area Surgical Group, Inc., Knowles Surgery Center, LLC,

17 National Ambulatory Surgery Center, LLC, Los Altos Surgery Center, LP, Forest

18 Ambulatory Surgical Associates, LP, and SOAR Surgery Center, LLC, allege as

19 follows:

20 **I.    JURISDICTION AND VENUE**

21   1.    This Court has subject matter jurisdiction over this action pursuant to

22 28 U.S.C. § 1331, because the action arises under the laws of the United States and

23 pursuant to 29 U.S.C. § 1332(e)(1), because the action seeks to enforce rights under

24 the Employee Retirement Income Security Act ("ERISA").

25   2.    This Court is the proper venue for this action pursuant to 28 U.S.C.

26 § 1391(b) because a substantial part of the events or omissions giving rise to the

27 claims alleged herein occurred in this Judicial District, and because one or more of

28 the Defendants conducts a substantial amount of business in this Judicial District;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  and pursuant to 29 U.S.C. § 1132(e)(2) because it is the Judicial District where the

2  breach took place, and because one or more of the Defendants conducts a substantial

3  amount of business in this Judicial District.

4  **II.**    **THE PARTIES**

5    **A.**    **Plaintiffs**

6    3.    Plaintiff Bay Area Surgical Group, Inc. is, and at all relevant times was,

7  a California corporation with its principal place of business in Santa Clara,

8  California.

9    4.    Knowles Surgery Center, LLC, is, and at all relevant times was, a

10  California limited liability company with its principal place of business in Los

11  Gatos, California.

12    5.    National Ambulatory Surgery Center, LLC, is, and at all relevant times

13  was, a California limited liability company with its principal place of business in

14  Los Gatos, California.

15    6.    Los Altos Surgery Center, LP, is, and at all relevant times was, a

16  California limited partnership with its principal place of business in Los Altos,

17  California.

18    7.    Forest Ambulatory Surgical Associates, LP, is, and at all relevant times

19  was, a California limited partnership with its principal place of business in San Jose,

20  California.

21    8.    SOAR Surgery Center, LLC, is, and at all relevant times was, a

22  California limited liability company with its principal place of business in

23  Burlingame, California.

24    **B.**    **Aetna**

25    9.    PLAINTIFFS are informed and believe that Defendant Aetna Life

26  Insurance Company ("Aetna") is a Connecticut corporation with its principal place

27  of business located in Hartford, Connecticut.  Aetna conducts business in the State

28  of California, including in the County of San Jose.

1149604.2

10.   PLAINTIFFS are informed and believe that, in many instances, Aetna is the designated plan fiduciary for the self-funded ERISA plans defendants at issue in this action.  PLAINTIFFS are further informed and believe that Aetna serves as the named plan administrator's "designee" for certain self-funded employee benefit plans.  PLAINTIFFS are informed and believe that Aetna exercised fiduciary responsibility with respect to the claims at issue in this litigation.  Because Aetna acted as a fiduciary with respect to the claims at issue, exercised benefits discretion and determined final benefit appeals, Aetna is liable for nonpaid and underpaid benefits to PLAINTIFFS.

11.   PLAINTIFFS are further informed and believe that, with respect to self-funded ERISA plans which have not specifically designated a plan administrator, Aetna functions as the *de facto* plan administrator, or as the co-administrator because, *inter alia*, it has provided plan documents to participants, received benefit claims, evaluated and processed those claims, interpreted ERISA plan documents, made benefit determinations, made and administered benefit payments, and handled appeals of benefit determinations.  Moreover, PLAINTIFFS are informed and believe that, even with respect to self-funded ERISA plans which have not specifically designated a plan administrator, Aetna has been specifically been designated as the claims administrator, and has been delegated the responsibilities described above.  Specifically, with respect to all of the claims at issue herein, including with respect to self-funded plans which have not been named as defendants in this action, Plaintiffs are informed and believe that Aetna:

    a.    drafted and provided plan members with plan documents;

    b.    operated a centralized verification and authorization telephone number which handled calls for members of the self-funded plans, including plans that have not been named as defendants in this Complaint;

    c.    authorized PLAINTIFFS to provide medical services to beneficiaries of the ERISA plan defendants;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

d.    received and processed electronic bills from PLAINTIFFS for claims for members of the self-funded plans, including plans that are not named as defendants in this Complaint;

e.    communicated with PLAINTIFFS on behalf of the ERISA plans (and additional self-insured plans that are not named as defendants) regarding authorization of surgical procedures;

f.    issued remittance advices and EOBs;

g.    priced claims for the self-insured ERISA plans;

h.    communicated with PLAINTIFFS with respect to the processing of claims on behalf of the Defendants and self-insured plans;

i.    processed appeals, and sent appeal response letters; and in certain cases, issued payment.

12.    Accordingly, Aetna is a proper ERISA defendant because it "effectively controlled the decision whether to honor or to deny a claim . . . ." Cyr v. Reliance Life Ins. Co., 642 F.3d 1202, 1204 (9th Cir. 2011) (en banc).

**C.    ERISA Plan Defendants**

13.    PLAINTIFFS are informed and believe that Defendant Lockheed Martin Corporation is a Maryland corporation with its corporate headquarters located in Bethesda, Maryland.  PLAINTIFFS are informed and believe that Lockheed Martin Corporation is a plan sponsor and plan administrator for Defendants Lockheed Martin Healthworks Plan and Lockheed Martin Corporation Flexible Benefits Plan.

14.    PLAINTIFFS are informed and believe that Defendants Lockheed Martin Healthworks Plan and Lockheed Martin Corporation Flexible Benefits Plan are ERISA plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15.    PLAINTIFFS are informed and believe that Defendant Adobe Systems Incorporated is a Delaware corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Adobe Systems

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Incorporated is a plan sponsor and plan administrator for Defendant Adobe Systems

2  Incorporated Group Welfare Plan.

3      16.     PLAINTIFFS are informed and believe that Defendant Adobe Systems

4  Incorporated Group Welfare Plan is an ERISA plan and a proper defendant pursuant

5  to ERISA § 502(d), 29 U.S.C. § 1132(d).

6      17.     PLAINTIFFS are informed and believe that Defendant Costco

7  Wholesale Corporation is a Washington corporation with its corporate headquarters

8  located in Seattle, Washington.  PLAINTIFFS are informed and believe that Costco

9  Wholesale Corporation is a plan sponsor and plan administrator for Defendant

10  Costco Wholesale Corporation Employee Benefits Program.

11      18.     PLAINTIFFS are informed and believe that Defendant Costco

12  Wholesale Corporation Employee Benefits Program is an ERISA plan and a proper

13  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14      PLAINTIFFS are informed and believe that Defendant Applied Materials,

15  Inc., is a Delaware corporation with its corporate headquarters located in Santa

16  Clara, California.  PLAINTIFFS are informed and believe that Applied Materials,

17  Inc., is a plan sponsor and plan administrator for Defendant Applied Materials, Inc.

18  Welfare Plan.

19      19.     PLAINTIFFS are informed and believe that Defendant Applied

20  Materials, Inc. Welfare Plan is an ERISA plan and a proper defendant pursuant to

21  ERISA § 502(d), 29 U.S.C. § 1132(d).

22      20.     PLAINTIFFS are informed and believe that Defendant Broadcom

23  Corporation is a California corporation with its corporate headquarters located in

24  Irvine, California.  PLAINTIFFS are informed and believe that Broadcom

25  Corporation is a plan sponsor and plan administrator for Defendant Broadcom

26  Corporation Welfare Plan.

27  / / /

28  / / /

21.     PLAINTIFFS are informed and believe that Defendant Broadcom Corporation Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22.     PLAINTIFFS are informed and believe that Defendant VMware, Inc. is a Delaware corporation with its corporate headquarters located in Palo Alto, California.  PLAINTIFFS are informed and believe that VMware, Inc., is a plan sponsor and plan administrator for Defendants VMware, Inc. Flexible Spending Account Plan and VMware Group Health Plan.

23.     PLAINTIFFS are informed and believe that Defendants VMware, Inc. Flexible Spending Account Plan and VMware Group Health Plan are ERISA plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

24.     PLAINTIFFS are informed and believe that Defendant Yahoo! Inc. is a Delaware corporation with its corporate headquarters located in Sunnyvale, California.  PLAINTIFFS are informed and believe that Yahoo! Inc. is a plan sponsor and plan administrator for Defendant Yahoo Inc. Health and Welfare Plan.

25.     PLAINTIFFS are informed and believe that Defendant Yahoo Inc. Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

26.     PLAINTIFFS are informed and believe that Defendant Xilinx, Inc., is a Delaware corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Xilinx, Inc., is a plan sponsor and plan administrator for Defendant Xilinx, Inc. Health and Welfare Plan.

27.     PLAINTIFFS are informed and believe that Defendant Xilinx, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

28.     PLAINTIFFS are informed and believe that Defendant Becton Dickinson and Company is a New Jersey corporation with its corporate headquarters located in Franklin Lakes, New Jersey.  PLAINTIFFS are informed and believe that

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

1  Becton Dickinson and Company is a plan sponsor and plan administrator for an

2  ERISA plan entitled Group Life and Health Plan.

3      29.    PLAINTIFFS are informed and believe that Defendant SAP America,

4  Inc. is a Delaware corporation with its corporate headquarters located in Newtown

5  Square, Pennsylvania.  PLAINTIFFS are informed and believe that SAP America,

6  Inc., is a plan sponsor and plan administrator for Defendant SAP America Health &

7  Welfare Plan.

8      30.    PLAINTIFFS are informed and believe that Defendant SAP America

9  Health & Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA

10  § 502(d), 29 U.S.C. § 1132(d).

11      31.    PLAINTIFFS are informed and believe that Defendant National

12  Semiconductor Corporation is a Delaware corporation with its corporate

13  headquarters located in Dallas, Texas.  PLAINTIFFS are informed and believe that

14  National Semiconductor Corporation is a plan sponsor and plan administrator for

15  Defendants National Semiconductor Corporation Flexible Life Insurance Plan and

16  National Semiconductor Corporation Comprehensive Medical and Dental Plan.

17      32.    PLAINTIFFS are informed and believe that Defendants National

18  Semiconductor Corporation Flexible Life Insurance Plan and National

19  Semiconductor Corporation Comprehensive Medical and Dental Plan are ERISA

20  plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

21      33.    PLAINTIFFS are informed and believe that Defendant Salesforce.com,

22  Inc., d/b/a Delaware Salesforce.com, is a Delaware corporation with its corporate

23  headquarters located in San Francisco, California.  PLAINTIFFS are informed and

24  believe that Salesforce.com, Inc., is a plan sponsor and plan administrator for

25  Defendant Salesforce.com Health and Welfare Plan.

26      34.    PLAINTIFFS are informed and believe that Defendant Salesforce.com

27  Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to

28  ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

35.     PLAINTIFFS are informed and believe that Defendant Ericsson Inc., d/b/a EUS Inc., is a Delaware corporation with its corporate headquarters located in Plano, Texas.  PLAINTIFFS are informed and believe that Ericsson Inc. is a plan sponsor and plan administrator for Defendant Ericsson Flexible Benefits Plan.

36.     PLAINTIFFS are informed and believe that Defendant Ericsson Flexible Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

37.     PLAINTIFFS are informed and believe that Defendant Facebook, Inc., is a Delaware corporation with its corporate headquarters located in Menlo Park, California.  PLAINTIFFS are informed and believe that Facebook, Inc., is a plan sponsor and plan administrator for Defendant Facebook, Inc. Health and Welfare Plan.

38.     PLAINTIFFS are informed and believe that Defendant Facebook, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

39.     PLAINTIFFS are informed and believe that Defendant United Parcel Service of America, Inc. is a Delaware corporation with its corporate headquarters located in Atlanta, Georgia.  PLAINTIFFS are informed and believe that United Parcel Service of America, Inc. is a plan sponsor and plan administrator for Defendant UPS Flexible Benefits Plan.

40.     PLAINTIFFS are informed and believe that Defendant UPS Flexible Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

41.     PLAINTIFFS are informed and believe that Defendant Altera Corporation, d/b/a Delaware Altera Corporation, is a Delaware corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Altera Corporation is a plan sponsor and plan administrator for Defendant Altera Corporation Health, Life and Disability Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

42.     PLAINTIFFS are informed and believe that Defendant Altera Corporation Health, Life and Disability Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

43.     PLAINTIFFS are informed and believe that Defendant Jabil Circuit, Inc., is a Delaware corporation with its corporate headquarters located in St. Petersburg, Florida.  PLAINTIFFS are informed and believe that Jabil Circuit, Inc., is a plan sponsor and plan administrator for Defendant Jabil Circuit, Inc. Health Benefit Plan.

44.     PLAINTIFFS are informed and believe that Defendant Jabil Circuit, Inc. Health Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

45.     PLAINTIFFS are informed and believe that Defendant Avaya, Inc., is a Delaware corporation with its corporate headquarters located in Basking Ridge, New Jersey.  PLAINTIFFS are informed and believe that Avaya, Inc., is a plan sponsor and plan administrator for Defendants Avaya, Inc. Represented Employees Post-Retirement Health Benefits Trust, the Avaya Inc. Health & Welfare Benefits Plan for Salaried Employees, Avaya Inc. Medical Expense Plan, Avaya Inc. Retiree Medical Expense Plan for Salaried Employees, Avaya Inc. Health & Welfare Benefits Plan, The Avaya Inc. Health and Welfare Benefits Plan for Retirees, and The Avaya Inc. Health and Welfare Benefits Plan for Salaried Retirees.

46.     PLAINTIFFS are informed and believe that Defendants Avaya, Inc. Represented Employees Post-Retirement Health Benefits Trust, the Avaya Inc. Health & Welfare Benefits Plan for Salaried Employees, Avaya Inc. Medical Expense Plan., Avaya Inc. Retiree Medical Expense Plan for Salaried Employees, Avaya Inc. Health & Welfare Benefits Plan, The Avaya Inc. Health and Welfare Benefits Plan for Retirees, and The Avaya In c. Health and Welfare Benefits Plan for Salaried Retirees are ERISA plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

47.    PLAINTIFFS are informed and believe that Defendant Bank of America Corporation, is a Delaware corporation with its corporate headquarters located in Charlotte, North Carolina.  PLAINTIFFS are informed and believe that Bank of America Corporation is a plan sponsor for Defendant Bank of America Group Benefits Program.

48.    PLAINTIFFS are informed and believe that Defendant Bank of America Corporation Corporate Benefits Committee is a plan administrator for Defendant Bank of America Group Benefits Program.

49.    PLAINTIFFS are informed and believe that Defendant Bank of America Group Benefits Program is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

50.    PLAINTIFFS are informed and believe that Defendant STMicroelectronics, Inc., is a Delaware corporation with its corporate headquarters located in Coppell, Texas.  PLAINTIFFS are informed and believe that STMicroelectronics, Inc., is a plan sponsor and plan administrator for Defendant STMicroelectronics, Inc. Employee Welfare Benefits Plan.

51.    PLAINTIFFS are informed and believe that Defendant STMicroelectronics, Inc. Employee Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

52.    PLAINTIFFS are informed and believe that Defendant Citigroup Inc., is a Delaware corporation with its corporate headquarters located in New York, New York.  PLAINTIFFS are informed and believe that Citigroup Inc. is a plan sponsor for Defendants Citigroup Flexible Benefits Plan and Citigroup Health Benefit Plan.

53.    PLAINTIFFS are informed and believe that Defendant Plans Administration Committee Citigroup Inc. is a plan administrator for Defendants Associates Medical, Dental, Vision Plan and Citigroup Flexible Benefits Plan.

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

54.     PLAINTIFFS are informed and believe that Defendants Citigroup Flexible Benefits Plan and Citigroup Health Benefit Plan are ERISA plans and proper defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

55.     PLAINTIFFS are informed and believe that Defendant Canon U.S.A., Inc., is a New York corporation with its corporate headquarters located in Lake Success, New York.  PLAINTIFFS are informed and believe that Canon U.S.A., Inc., is a plan sponsor and plan administrator for Defendant Canon Welfare Benefit Plan.

56.     PLAINTIFFS are informed and believe that Defendant Canon Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

57.     PLAINTIFFS are informed and believe that Defendant Symantec Corporation is a Delaware corporation with its corporate headquarters located in Mountain View, California.  PLAINTIFFS are informed and believe that Symantec Corporation is a plan sponsor and plan administrator for Defendant Symantec Corporation Group Welfare Benefit Plan.

58.     PLAINTIFFS are informed and believe that Defendant Symantec Corporation Group Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

59.     PLAINTIFFS are informed and believe that Defendant SRI International is a California corporation with its corporate headquarters located in Menlo Park, California.  PLAINTIFFS are informed and believe that SRI International is a plan sponsor and plan administrator for an ERISA plan entitled Group Health & Welfare Benefit Plan.

60.     PLAINTIFFS are informed and believe that Defendant Echelon Corporation is a Delaware corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Echelon Corporation

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

1   is a plan sponsor and plan administrator for Defendant Echelon Employee Benefit

2   Plan.

3        61.    PLAINTIFFS are informed and believe that Defendant Echelon

4   Employee Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA

5   § 502(d), 29 U.S.C. § 1132(d).

6        62.    PLAINTIFFS are informed and believe that Defendant Vishay

7   Intertechnology, Inc., is a Delaware corporation with its corporate headquarters

8   located in Malvern, Pennsylvania.  PLAINTIFFS are informed and believe that

9   Vishay Intertechnology, Inc., is a plan sponsor and plan administrator for Defendant

10  Vishay Intertechnology, Inc. Welfare Plan.

11       63.    PLAINTIFFS are informed and believe that Defendant Vishay

12  Intertechnology, Inc. Welfare Plan is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       64.    PLAINTIFFS are informed and believe that Defendant Life

15  Technologies Corporation is a Delaware corporation with its corporate headquarters

16  located in Carlsbad, California.  PLAINTIFFS are informed and believe that Life

17  Technologies Corporation is a plan sponsor and plan administrator for Defendant

18  Life Technologies Corporation Health and Welfare Plan.

19       65.    PLAINTIFFS are informed and believe that Defendant Life

20  Technologies Corporation Health and Welfare Plan is an ERISA plan and a proper

21  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

22       66.    PLAINTIFFS are informed and believe that Defendant Tyco

23  Electronics Corporation is a Pennsylvania corporation with its corporate

24  headquarters located in Berwyn, Pennsylvania.  PLAINTIFFS are informed and

25  believe that Tyco Electronics Corporation is a plan sponsor and plan administrator

26  for Defendant Tyco Electronics Corporation Health and Welfare Benefits Plan.

27  / / /

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

67.     PLAINTIFFS are informed and believe that Defendant Tyco Electronics Corporation Health and Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

68.     PLAINTIFFS are informed and believe that Defendant Align Technology, Inc., d/b/a (Delaware) Align Technology, Inc., is a Delaware corporation with its corporate headquarters located in San Jose, California. PLAINTIFFS are informed and believe that Align Technology, Inc., is a plan sponsor and plan administrator for Defendant Align Technology, Inc. Health and Welfare Plan.

69.     PLAINTIFFS are informed and believe that Defendant Align Technology, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

70.     PLAINTIFFS are informed and believe that Defendant Infosys Limited is an India corporation with its corporate headquarters located in Newark, California.  PLAINTIFFS are informed and believe that Infosys Limited is a plan sponsor and plan administrator for Defendant Infosys Limited Health &Welfare Benefit Plan.

71.     PLAINTIFFS are informed and believe that Defendant Infosys Limited Health &Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

72.     PLAINTIFFS are informed and believe that Defendant First Solar, Inc., is a Delaware corporation with its corporate headquarters located in Tempe, Arizona.  PLAINTIFFS are informed and believe that First Solar, Inc., is a plan sponsor and plan administrator for Defendant First Solar, Inc. Group Health Insurance Plan.

73.     PLAINTIFFS are informed and believe that Defendant First Solar, Inc. Group Health Insurance Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

74.   PLAINTIFFS are informed and believe that Defendant Renesas Electronics America Inc. is a California corporation with its corporate headquarters located in Santa Clara, California.  PLAINTIFFS are informed and believe that Renesas Electronics America Inc. is a plan sponsor and plan administrator for Defendant Renesas Electronics America Inc. Benefit Plan.

75.   PLAINTIFFS are informed and believe that Defendant Renesas Electronics America Inc. Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

76.   PLAINTIFFS are informed and believe that Defendant Plexus Corp. is a Wisconsin corporation with its corporate headquarters located in Neenah, Wisconsin.  PLAINTIFFS are informed and believe that Plexus Corp. is a plan sponsor and plan administrator for Defendant Health Plan for Employees of Plexus Corp.

77.   PLAINTIFFS are informed and believe that Defendant Health Plan for Employees of Plexus Corp is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

78.   PLAINTIFFS are informed and believe that Defendant Tutor Perini Corporation is a Massachusetts corporation with its corporate headquarters located in Sylmar, California.  PLAINTIFFS are informed and believe that Tutor Perini Corporation is a plan sponsor and plan administrator for Defendant Tutor Perini Corporation Health and Welfare Plan.

79.   PLAINTIFFS are informed and believe that Defendant Tutor Perini Corporation Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

80.   PLAINTIFFS are informed and believe that Defendant Cepheid is a California corporation with its corporate headquarters located in Sunnyvale, California.  PLAINTIFFS are informed and believe that Cepheid is a plan sponsor and plan administrator for Defendant Cepheid Consolidated Welfare Benefit Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

81.     PLAINTIFFS are informed and believe that Defendant Cepheid Consolidated Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

82.     PLAINTIFFS are informed and believe that Defendant Hyatt Corporation is a Delaware corporation with its corporate headquarters located in Chicago, Illinois.  PLAINTIFFS are informed and believe that Hyatt Corporation is a plan sponsor and plan administrator for Defendant Hyatt Corporation Welfare Benefit Plan.

83.     PLAINTIFFS are informed and believe that Defendant Hyatt Corporation Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

84.     PLAINTIFFS are informed and believe that Defendant GLOBALFOUNDRIES U.S. Inc. is a Delaware corporation with its corporate headquarters located in Milpitas, California.  PLAINTIFFS are informed and believe that GLOBALFOUNDRIES U.S. Inc. is a plan sponsor and plan administrator for Defendant GLOBALFOUNDRIES U.S. Inc. Welfare Benefit Plan.

85.     PLAINTIFFS are informed and believe that Defendant GLOBALFOUNDRIES U.S. Inc. Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

86.     PLAINTIFFS are informed and believe that Defendant LiveOps, Inc., is a Delaware corporation with its corporate headquarters located in Redwood City, California.  PLAINTIFFS are informed and believe that LiveOps, Inc., is a plan sponsor and plan administrator for Defendant LiveOps, Inc. Health and Welfare Plan.

87.     PLAINTIFFS are informed and believe that LiveOps, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

88.     PLAINTIFFS are informed and believe that Defendant Securitas Security Services USA, Inc., is a Delaware corporation with its corporate headquarters located in Westlake Village, California.  PLAINTIFFS are informed and believe that Securitas Security Services USA, Inc., is a plan sponsor and plan administrator for Defendant Securitas Security Services USA, Inc. Welfare Benefit Plan.

89.     PLAINTIFFS are informed and believe that Defendant Securitas Security Services USA, Inc. Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

90.     PLAINTIFFS are informed and believe that Defendant Bridge Capital Holdings is a California corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Bridge Capital Holdings is a plan sponsor and plan administrator for Defendant Bridge Bank, N.A. Employee Benefit Plan.

91.     PLAINTIFFS are informed and believe that Bridge Bank, N.A. Employee Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

92.     PLAINTIFFS are informed and believe that Defendant Sanmina Corporation is a Delaware corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Sanmina Corporation is a plan sponsor and plan administrator for Defendant Sanmina Corporation Health and Welfare Benefit Plan.

93.     PLAINTIFFS are informed and believe that Defendant Sanmina Corporation Health and Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

94.     PLAINTIFFS are informed and believe that Defendant Hospira, Inc., is a Delaware corporation with its corporate headquarters located in Lake Forest, Illinois.  PLAINTIFFS are informed and believe that Hospira, Inc., is a plan sponsor

1 and plan administrator for Defendants Hospira Flexible Benefits Plan and Hospira

2 Health Care Plan.

3       95.     PLAINTIFFS are informed and believe that Defendants Hospira

4 Flexible Benefits Plan and Hospira Health Care Plan are ERISA plans and proper

5 defendants pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       96.     PLAINTIFFS are informed and believe that Defendant Panasonic

7 Corporation of North America is a Delaware corporation with its corporate

8 headquarters located in Newark, New Jersey. PLAINTIFFS are informed and

9 believe that Panasonic Corporation of North America is a plan sponsor and plan

10 administrator for Defendant Panasonic Group Comprehensive Medical and Dental

11 Plan.

12       97.     PLAINTIFFS are informed and believe that Defendant Panasonic

13 Group Comprehensive Medical and Dental Plan is an ERISA plan and a proper

14 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15       98.     PLAINTIFFS are informed and believe that Defendant Dell Inc. is a

16 Delaware corporation with its corporate headquarters located in Round Rock, Texas.

17 PLAINTIFFS are informed and believe that Dell Inc. is a plan sponsor for

18 Defendant SonicWALL, Inc. Health & Welfare Benefit Plan.

19       99.     PLAINTIFFS are informed and believe that Defendant Dell Inc. c/o

20 Nicki Huschka is a plan administrator for Defendant SonicWall, Inc. Health &

21 Welfare Benefit Plan.

22       100.   PLAINTIFFS are informed and believe that Defendant SonicWALL,

23 Inc. Health & Welfare Benefit Plan is an ERISA plan and a proper defendant

24 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

25       101.   PLAINTIFFS are informed and believe that Defendant Infineon

26 Technologies North America Corp. is a Delaware corporation with its corporate

27 headquarters located in Milpitas, California. PLAINTIFFS are informed and believe

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  that Infineon Technologies North America Corp. is a plan sponsor and plan

2  administrator for Defendant Infineon Technologies Welfare Benefit Plan.

3      102.   PLAINTIFFS are informed and believe that Defendant Infineon

4  Technologies Welfare Benefit Plan is an ERISA plan and a proper defendant

5  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6      103.   PLAINTIFFS are informed and believe that Defendant Cox

7  Enterprises, Inc., is a Delaware corporation with its corporate headquarters located

8  in Atlanta, Georgia. PLAINTIFFS are informed and believe that Cox Enterprises,

9  Inc., is a plan sponsor and plan administrator for Defendant Cox Enterprises, Inc.

10  Welfare Benefit Plan.

11      104.   PLAINTIFFS are informed and believe that Defendant Cox

12  Enterprises, Inc. Welfare Benefit Plan is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14      105.   PLAINTIFFS are informed and believe that Defendant CA, Inc., is a

15  Delaware corporation with its corporate headquarters located in Albany, New York.

16  PLAINTIFFS are informed and believe that CA, Inc., is a plan sponsor for

17  Defendant CA, Inc. Comprehensive Health and Welfare Plan.

18      106.   PLAINTIFFS are informed and believe that CA, Inc., is a plan

19  administrator for Defendant CA, Inc. Comprehensive Health and Welfare Plan.

20      107.   PLAINTIFFS are informed and believe that Defendant CA, Inc.

21  Comprehensive Health and Welfare Plan is an ERISA plan and a proper defendant

22  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23      108.   PLAINTIFFS are informed and believe that Defendant Sybase, Inc. is a

24  Delaware corporation with its corporate headquarters located in Dublin, California.

25  PLAINTIFFS are informed and believe that Sybase, Inc. is a plan sponsor and plan

26  administrator for Defendant Sybase, Inc. Group Welfare Plan.

27  / / /

28  / / /

1149604.2

109.   PLAINTIFFS are informed and believe that Defendant Sybase, Inc. Group Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

110.   PLAINTIFFS are informed and believe that Defendant Manpower, Inc./California Peninsula is a Wisconsin corporation with its corporate headquarters located in Milwaukee, Wisconsin.  PLAINTIFFS are informed and believe that Manpower, Inc./California Peninsula is a plan sponsor and plan administrator for an ERISA plan entitled Group Benefit Plans.

111.   PLAINTIFFS are informed and believe that Defendant Check Point Software Technologies Inc. is a Delaware corporation with its corporate headquarters located in San Carlos, California.  PLAINTIFFS are informed and believe that Check Point Software Technologies Inc. is a plan sponsor and plan administrator for Defendant Check Point Software Technologies Inc. Welfare Plan.

112.   PLAINTIFFS are informed and believe that Defendant Check Point Software Technologies Inc. Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

113.   PLAINTIFFS are informed and believe that Defendant Reliance Steel & Aluminum Co. is a California corporation with its corporate headquarters located in Los Angeles, California.  PLAINTIFFS are informed and believe that Reliance Steel & Aluminum Co. is a plan sponsor and plan administrator for Defendant Reliance Steel & Aluminum Co. Life, Accidental Death & Dismemberment Health Plan.

114.   PLAINTIFFS are informed and believe that Defendant Reliance Steel & Aluminum Co. Life, Accidental Death & Dismemberment Health Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

115.   PLAINTIFFS are informed and believe that Defendant Toys 'R' Us-Delaware, Inc. is a Delaware corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Wayne, New Jersey.  PLAINTIFFS are informed and believe that Toys 'R' Us-

2  Delaware, Inc. is a plan sponsor and plan administrator for Defendant Toys 'R' Us

3  Employee Benefit Plan.

4      116.   PLAINTIFFS are informed and believe that Defendant Toys 'R' Us

5  Employee Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA

6  § 502(d), 29 U.S.C. § 1132(d).

7      117.   PLAINTIFFS are informed and believe that Defendant ADP

8  TotalSource, Inc. is a Florida corporation with its corporate headquarters located in

9  Miami, Florida.  PLAINTIFFS are informed and believe that ADP TotalSource, Inc.

10  is a plan sponsor and plan administrator for Defendant ADP TotalSource, Inc.

11  Health and Welfare Plan.

12      118.   PLAINTIFFS are informed and believe that Defendant ADP

13  TotalSource, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant

14  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15      119.   PLAINTIFFS are informed and believe that Defendant ADP

16  TotalSource, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant

17  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

18      120.   PLAINTIFFS are informed and believe that Defendant Omron

19  Management Center of America, Inc. is a Delaware corporation with its corporate

20  headquarters located in Schaumburg, Illinois.  PLAINTIFFS are informed and

21  believe that Omron Management Center of America, Inc. is a plan sponsor and plan

22  administrator for Defendant Omron Management Center of America Inc. Employee

23  Welfare Plan.

24      121.   PLAINTIFFS are informed and believe that Defendant Omron

25  Management Center of America Inc. Employee Welfare Plan is an ERISA plan and

26  a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

27      122.   PLAINTIFFS are informed and believe that Defendant BMC Software,

28  Inc. is a Delaware corporation with its corporate headquarters located in Houston,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   Texas.  PLAINTIFFS are informed and believe that BMC Software, Inc. is a plan

2   sponsor and plan administrator for Defendant BMC Software, Inc. Health and

3   Welfare Benefit Plan.

4        123.   PLAINTIFFS are informed and believe that Defendant BMC Software,

5   Inc. Health and Welfare Benefit Plan is an ERISA plan and a proper defendant

6   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7        124.   PLAINTIFFS are informed and believe that Defendant KPMG LLP is a

8   Delaware limited liability partnership with its corporate headquarters located in

9   Amsterdam, North Holland.  PLAINTIFFS are informed and believe that KPMG

10  LLP is a plan sponsor and plan administrator for Defendant KPMG LLP Health

11  Plans.

12       125.   PLAINTIFFS are informed and believe that Defendant KPMG LLP

13  Health Plans is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

14  29 U.S.C. § 1132(d).

15       126.   PLAINTIFFS are informed and believe that Defendant Tesoro

16  Corporation is a Delaware corporation with its corporate headquarters located in San

17  Antonio, Texas.  PLAINTIFFS are informed and believe that Tesoro Corporation is

18  a plan sponsor and plan administrator for Defendant Tesoro Corporation Omnibus

19  Group Welfare Benefits Plan.

20       127.   PLAINTIFFS are informed and believe that Defendant Tesoro

21  Corporation Omnibus Group Welfare Benefits Plan is an ERISA plan and a proper

22  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23       128.   PLAINTIFFS are informed and believe that Defendant Marsh &

24  McLennan Companies, Inc. is a Delaware corporation with its corporate

25  headquarters located in New York, New York.  PLAINTIFFS are informed and

26  believe that Marsh & McLennan Companies, Inc. is a plan sponsor and plan

27  administrator for Defendant Marsh & McLennan Companies, Inc. Employer Funded

28  Welfare Benefit Plan.

129.   PLAINTIFFS are informed and believe that Marsh & McLennan Companies, Inc. Employer Funded Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

130.   PLAINTIFFS are informed and believe that Defendant Amgen Inc. is a Delaware corporation with its corporate headquarters located in Newbury Park, California.  PLAINTIFFS are informed and believe that Amgen Inc. is a plan sponsor and plan administrator for Defendant Amgen Inc. Master Benefits Plan.

131.   PLAINTIFFS are informed and believe that Defendant Amgen Inc. Master Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

132.   PLAINTIFFS are informed and believe that Defendant Arrow Electronics Inc. is a New York corporation with its corporate headquarters located in Melville, New York.  PLAINTIFFS are informed and believe that Arrow Electronics Inc. is a plan sponsor and plan administrator for Defendant Arrow Electronics Welfare Benefits Plan.

133.   PLAINTIFFS are informed and believe that Defendant Arrow Electronics Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

134.   PLAINTIFFS are informed and believe that Defendant Stantec Consulting Services Inc. is a New York corporation with its corporate headquarters located in Edmonton, Alberta, Canada.  PLAINTIFFS are informed and believe that Stantec Consulting Services Inc. is a plan sponsor and plan administrator for Defendant Stantec Health Plan.

135.   PLAINTIFFS are informed and believe that Defendant Stantec Health Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

136.   PLAINTIFFS are informed and believe that Defendant IHS, Inc. is a California corporation with its corporate headquarters located in La Mirada,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

California.  PLAINTIFFS are informed and believe that IHS, Inc. is a plan sponsor and plan administrator for Defendant IHS Employee Benefit Plan.

137.  PLAINTIFFS are informed and believe that Defendant IHS Employee Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

138.  PLAINTIFFS are informed and believe that Defendant J. C. Penney Corporation, Inc. is a Delaware corporation with its corporate headquarters located in Plano, Texas.  PLAINTIFFS are informed and believe that J. C. Penney Corporation, Inc. is a plan sponsor for Defendant J. C. Penney Corporation, Inc. Health & Welfare Benefits Plan.

139.  PLAINTIFFS are informed and believe that Defendant J. C. Penney Corporation, Inc. Benefits Administration Committee is a plan administrator for Defendant J. C. Penney Corporation, Inc. Health & Welfare Benefits Plan.

140.  PLAINTIFFS are informed and believe that Defendant J. C. Penney Corporation, Inc. Health & Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

141.  PLAINTIFFS are informed and believe that Defendant Pioneer North America, Inc. is a Delaware corporation with its corporate headquarters located in Long Beach, California.  PLAINTIFFS are informed and believe that Pioneer North America, Inc. is a plan sponsor and plan administrator for Defendant Pioneer North America, Inc. Group Life, Health Disability Plan.

142.  PLAINTIFFS are informed and believe that Defendant Pioneer North America, Inc. Group Life, Health Disability Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

143.  PLAINTIFFS are informed and believe that Defendant SumTotal Systems, Inc. is a Delaware corporation with its corporate headquarters located in Gainesville, Florida.  PLAINTIFFS are informed and believe that SumTotal

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 Systems, Inc. is a plan sponsor and plan administrator for Defendant SumTotal

2 Systems Group Health & Welfare Plan.

3     144.   PLAINTIFFS are informed and believe that Defendant SumTotal

4 Systems Group Health & Welfare Plan is an ERISA plan and a proper defendant

5 pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6     145.   PLAINTIFFS are informed and believe that Defendant Intevac, Inc. is a

7 Delaware corporation with its corporate headquarters located in Santa Clara,

8 California.  PLAINTIFFS are informed and believe that Intevac, Inc. is a plan

9 sponsor and plan administrator for Defendant Intevac Life and Welfare Plan.

10     146.   PLAINTIFFS are informed and believe that Defendant Intevac Life and

11 Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d),

12 29 U.S.C. § 1132(d).

13     147.   PLAINTIFFS are informed and believe that Defendant GCA Services

14 Group, Inc. is a Delaware corporation with its corporate headquarters located in

15 Cleveland, Ohio.  PLAINTIFFS are informed and believe that GCA Services Group,

16 Inc. is a plan sponsor and plan administrator for Defendant GCA Services Group

17 Health and Welfare Plan.

18     148.   PLAINTIFFS are informed and believe that Defendant GCA Services

19 Group Health and Welfare Plan is an ERISA plan and a proper defendant pursuant

20 to ERISA § 502(d), 29 U.S.C. § 1132(d).

21     149.   PLAINTIFFS are informed and believe that Defendant The Western

22 Union Company, d/b/a T.W.U.C. is a Delaware corporation with its corporate

23 headquarters located in Englewood, Colorado.  PLAINTIFFS are informed and

24 believe that The Western Union Company is a plan sponsor and plan administrator

25 for Defendant The Western Union Company Health and Welfare Benefit Plan.

26     150.   PLAINTIFFS are informed and believe that Defendant The Western

27 Union Company Health and Welfare Benefit Plan is an ERISA plan and a proper

28 defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

151.   PLAINTIFFS are informed and believe that Defendant NDS Surgical Imaging, LLC is a Delaware limited liability company with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that NDS Surgical Imaging, LLC is a plan sponsor and plan administrator for Defendant NDS Surgical Imaging, LLC Welfare Benefits Plan.

152.   PLAINTIFFS are informed and believe that Defendant NDS Surgical Imaging, LLC Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

153.   PLAINTIFFS are informed and believe that Defendant Compass Group USA, Inc. is a Delaware corporation with its corporate headquarters located in Charlotte, North Carolina.  PLAINTIFFS are informed and believe that Compass Group USA, Inc. is a plan sponsor and plan administrator for Defendant Employee Benefit Plan of the Compass Group USA, Inc.

154.   PLAINTIFFS are informed and believe that Defendant Employee Benefit Plan of the Compass Group USA, Inc. is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

155.   PLAINTIFFS are informed and believe that Defendant BAE Systems, Inc. is a Delaware corporation with its corporate headquarters located in Herndon, Virginia.  PLAINTIFFS are informed and believe that BAE Systems, Inc. is a plan sponsor and plan administrator for Defendant BAE Systems Funded Welfare Benefit Plan.

156.   PLAINTIFFS are informed and believe that Defendant BAE Systems Funded Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

157.   PLAINTIFFS are informed and believe that Defendant TIN Inc. is a Delaware corporation with its corporate headquarters located in Dallas, Texas.  PLAINTIFFS are informed and believe that TIN Inc. is a plan sponsor and plan administrator for Defendant Temple-Inland Health & Welfare Benefits Wrap Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

158.   PLAINTIFFS are informed and believe that Defendant Temple-Inland Health & Welfare Benefits Wrap Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

159.   PLAINTIFFS are informed and believe that Defendant Fidelity National Financial, Inc. is a Delaware corporation with its corporate headquarters located in Santa Ana, California.  PLAINTIFFS are informed and believe that Fidelity National Financial, Inc. is a plan sponsor and plan administrator for Defendant Fidelity National Financial, Inc. Welfare Plan.

160.   PLAINTIFFS are informed and believe that Defendant Fidelity National Financial, Inc. Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

161.   PLAINTIFFS are informed and believe that Defendant Software AG USA, Inc. is a Delaware corporation with its corporate headquarters located in Reston, Virginia.  PLAINTIFFS are informed and believe that Software AG USA, Inc. is a plan sponsor and plan administrator for Defendant Software AG USA, Inc. Welfare Benefits Plan.

162.   PLAINTIFFS are informed and believe that Defendant Software AG USA, Inc. Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

163.   PLAINTIFFS are informed and believe that Defendant Bausch & Lomb Incorporated is a New York corporation with its corporate headquarters located in Rochester, New York.  PLAINTIFFS are informed and believe that Bausch & Lomb Incorporated is a plan sponsor and plan administrator for Defendant Bausch & Lomb Comprehensive Medical Plan.

164.   PLAINTIFFS are informed and believe that Defendant Bausch & Lomb Comprehensive Medical Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

1149604.2

165. PLAINTIFFS are informed and believe that Defendant Avidex Industries, L.L.C. is a Washington limited liability company with its corporate headquarters located in Bellevue, Washington. PLAINTIFFS are informed and believe that Avidex Industries, L.L.C. is a plan sponsor and plan administrator for Defendant Avidex Industries Health and Welfare Benefit Plan.

166. PLAINTIFFS are informed and believe that Defendant Avidex Industries Health and Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

167. PLAINTIFFS are informed and believe that Defendant Innovion Corporation is a California corporation with its corporate headquarters located in San Jose, California. PLAINTIFFS are informed and believe that Innovion Corporation is a plan sponsor and plan administrator for Defendant Innovion Corp Health Plan.

168. PLAINTIFFS are informed and believe that Defendant Innovion Corp Health Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

169. PLAINTIFFS are informed and believe that Defendant Pinnacle Bank is a California corporation with its corporate headquarters located in Morgan Hill, California. PLAINTIFFS are informed and believe that Pinnacle Bank is a plan sponsor for Defendant Pinnacle Bank.

170. PLAINTIFFS are informed and believe that Defendant Paragon Benefits is a plan administrator for Defendant Pinnacle Bank.

171. PLAINTIFFS are informed and believe that Defendant Pinnacle Bank is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

172. PLAINTIFFS are informed and believe that Defendant Inventiv Health, Inc. is a Delaware corporation with its corporate headquarters located in Burlington, Massachusetts. PLAINTIFFS are informed and believe that Inventiv Health, Inc. is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   a plan sponsor and plan administrator for Defendant Inventiv Health, Inc. Employee

2   Health Care Program.

3       173.   PLAINTIFFS are informed and believe that Defendant Inventiv Health,

4   Inc. Employee Health Care Program is an ERISA plan and a proper defendant

5   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

6       174.   PLAINTIFFS are informed and believe that Defendant URS

7   Corporation is a Delaware corporation with its corporate headquarters located in San

8   Francisco, California.  PLAINTIFFS are informed and believe that URS

9   Corporation is a plan sponsor and plan administrator for Defendant URS

10   Corporation Welfare Benefits Plan.

11       175.   PLAINTIFFS are informed and believe that Defendant URS

12   Corporation Welfare Benefits Plan is an ERISA plan and a proper defendant

13   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14       176.   PLAINTIFFS are informed and believe that Defendant Harsco

15   Corporation is a Delaware corporation with its corporate headquarters located in

16   Camp Hill, Pennsylvania.  PLAINTIFFS are informed and believe that Harsco

17   Corporation is a plan sponsor and plan administrator for Defendant Harsco

18   Corporation Insurance Plan.

19       177.   PLAINTIFFS are informed and believe that Defendant Harsco

20   Corporation Insurance Plan is an ERISA plan and a proper defendant pursuant to

21   ERISA § 502(d), 29 U.S.C. § 1132(d).

22       178.   PLAINTIFFS are informed and believe that Defendant Right

23   Management Consultants, Inc. is a Pennsylvania corporation with its corporate

24   headquarters located in Philadelphia, Pennsylvania.  PLAINTIFFS are informed and

25   believe that Right Management Consultants, Inc. is a plan sponsor and plan

26   administrator for an ERISA plan entitled Group Health Benefits Program.

27       179.   PLAINTIFFS are informed and believe that Defendant WPP Group

28   Holdings Corp. is a Delaware corporation with its corporate headquarters located in

1149604.2

New York, New York.  PLAINTIFFS are informed and believe that WPP Group

Holdings Corp. is a plan sponsor and plan administrator for Defendant WPP Group

USA Inc. Benefits Plan.

180.   PLAINTIFFS are informed and believe that Defendant WPP Group

USA Inc. Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA

§ 502(d), 29 U.S.C. § 1132(d).

181.   PLAINTIFFS are informed and believe that Defendant FusionStorm is

a Delaware corporation with its corporate headquarters located in Franklin,

Massachusetts.  PLAINTIFFS are informed and believe that FusionStorm is a plan

sponsor and plan administrator for Defendant FusionStorm Health and Welfare

Plan.

182.   PLAINTIFFS are informed and believe that Defendant FusionStorm

Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to

ERISA § 502(d), 29 U.S.C. § 1132(d).

183.   PLAINTIFFS are informed and believe that Defendant Owens Corning

is a Delaware corporation with its corporate headquarters located in Toledo, Ohio.

PLAINTIFFS are informed and believe that Owens Corning is a plan sponsor and

plan administrator for Defendant Owens Corning Health Care & Benefits Plan for

Active Employees.

184.   PLAINTIFFS are informed and believe that Defendant Owens Corning

Health Care & Benefits Plan for Active Employees is an ERISA plan and a proper

defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

185.   PLAINTIFFS are informed and believe that Defendant Graebel

Companies, Inc. is a Delaware corporation with its corporate headquarters located in

Aurora, Colorado.  PLAINTIFFS are informed and believe that Graebel Companies,

Inc. is a plan sponsor and plan administrator for Defendant Graebel Companies, Inc.

Health and Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

186. PLAINTIFFS are informed and believe that Defendant Graebel Companies, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

187. PLAINTIFFS are informed and believe that Defendant Intellectual Ventures Management, LLC is a Washington limited liability company with its corporate headquarters located in Bellevue, Washington. PLAINTIFFS are informed and believe that Intellectual Ventures Management, LLC is a plan sponsor and plan administrator for Defendant Intellectual Ventures Management, LLC Health and Welfare Plan.

188. PLAINTIFFS are informed and believe that Defendant Intellectual Ventures Management, LLC Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

189. PLAINTIFFS are informed and believe that Defendant Encore Industries, Inc. is an Ohio corporation with its corporate headquarters located in Sandusky, Ohio. PLAINTIFFS are informed and believe that Encore Industries, Inc. is a plan sponsor and plan administrator for Defendant Encore Industries Inc. Employees Welfare Benefit Plan.

190. PLAINTIFFS are informed and believe that Defendant Encore Industries Inc. Employees Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

191. PLAINTIFFS are informed and believe that Defendant Kforce Inc. is a Florida corporation with its corporate headquarters located in Tampa, Florida. PLAINTIFFS are informed and believe that Kforce Inc.is a plan sponsor and plan administrator for Defendant Kforce Inc. Group Insurance Plan.

192. PLAINTIFFS are informed and believe that Defendant Kforce Inc. Group Insurance Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

193.   PLAINTIFFS are informed and believe that Defendant Alcatel-Lucent USA, Inc. is a Delaware corporation with its corporate headquarters located in Alpharetta, Georgia.  PLAINTIFFS are informed and believe that Alcatel-Lucent USA, Inc. is a plan sponsor and plan administrator for Defendant Alcatel-Lucent Medical Expense Plan for Management Employees and for Defendant Alcatel-Lucent Medical Expense Plan for Occupational Employees.

194.   PLAINTIFFS are informed and believe that Defendant Alcatel-Lucent Medical Expense Plan for Management Employees is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

195.   PLAINTIFFS are informed and believe that Defendant Alcatel-Lucent Medical Expense Plan for Occupational Employees is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

196.   PLAINTIFFS are informed and believe that Defendant Amazon Corporate LLC is a Delaware limited liability company with its corporate headquarters located in Seattle, Washington.  PLAINTIFFS are informed and believe that Amazon Corporate LLC is a plan sponsor and plan administrator for an ERISA plan entitled Group Health & Welfare Plan.

197.   PLAINTIFFS are informed and believe that Defendant Automatic Data Processing Insurance Agency Inc. is a New Jersey corporation with its corporate headquarters located in Roseland, New Jersey.  PLAINTIFFS are informed and believe that Automatic Data Processing Insurance Agency Inc. is a plan sponsor and plan administrator for Defendant Automatic Data Processing, Inc. Flex 2000 Plan.

198.   PLAINTIFFS are informed and believe that Defendant Automatic Data Processing, Inc. Flex 2000 Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

199.   PLAINTIFFS are informed and believe that Defendant Barracuda Networks, Inc. is a Delaware corporation with its corporate headquarters located in Campbell, California.  PLAINTIFFS are informed and believe that Barracuda

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   Networks, Inc. is a plan sponsor and plan administrator for Defendant Barracuda

2   Networks, Inc. Benefit Plan.

3       200.   PLAINTIFFS are informed and believe that Defendant Barracuda

4   Networks, Inc. Benefit Plan is an ERISA plan and a proper defendant pursuant to

5   ERISA § 502(d), 29 U.S.C. § 1132(d).

6       201.   PLAINTIFFS are informed and believe that Defendant Blue Coat

7   Systems, Inc. is a Delaware corporation with its corporate headquarters located in

8   Sunnyvale, California.  PLAINTIFFS are informed and believe that Blue Coat

9   Systems, Inc. is a plan sponsor and plan administrator for Defendant Blue Coat

10  Systems, Inc. Flexible Benefit Plan.

11      202.   PLAINTIFFS are informed and believe that Defendant Blue Coat

12  Systems, Inc. Flexible Benefit Plan is an ERISA plan and a proper defendant

13  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

14      203.   PLAINTIFFS are informed and believe that Defendant Boehringer

15  Ingelheim Fremont, Inc. is a Delaware corporation with its corporate headquarters

16  located in Ridgefield, Connecticut.  PLAINTIFFS are informed and believe that

17  Boehringer Ingelheim Fremont, Inc. is a plan sponsor and plan administrator a self-

18  funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29

19  U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true

20  name and character when it has been ascertained.

21      204.   PLAINTIFFS are informed and believe that Defendant Bonhams &

22  Butterfields Auctioneers Corporation is a Delaware corporation with its corporate

23  headquarters located in San Francisco, California.  PLAINTIFFS are informed and

24  believe that Bonhams & Butterfields Auctioneers Corporation is a plan sponsor and

25  plan administrator for Defendant Butterfields Consolidated Welfare Plan.

26      205.   PLAINTIFFS are informed and believe that Defendant Butterfields

27  Consolidated Welfare Plan is an ERISA plan and a proper defendant pursuant to

28  ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

206.   PLAINTIFFS are informed and believe that Defendant Booz Allen Hamilton Inc. is a Delaware corporation with its corporate headquarters located in McLean, Virginia.  PLAINTIFFS are informed and believe that Booz Allen Hamilton Inc. is a plan sponsor and plan administrator for Defendant Booz Allen Hamilton Inc. All Risk Insurance.

207.   PLAINTIFFS are informed and believe that Defendant Booz Allen Hamilton Inc. All Risk Insurance is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

208.   PLAINTIFFS are informed and believe that Defendant Cadence Design Systems, Inc. is a Delaware corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Cadence Design Systems, Inc. is a plan sponsor and plan administrator for Defendant Cadence Group Life, Health and Disability Plan.

209.   PLAINTIFFS are informed and believe that Defendant Cadence Group Life, Health and Disability Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

210.   PLAINTIFFS are informed and believe that Defendant Canon ANELVA Corporation is a Japan corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that Canon ANELVA Corporation is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

211.   PLAINTIFFS are informed and believe that Defendant Chipotle Mexican Grill, Inc. is a Delaware corporation with its corporate headquarters located in Denver, Colorado.  PLAINTIFFS are informed and believe that Chipotle Mexican Grill, Inc. is a plan sponsor and plan administrator for Defendant Chipotle Mexican Grill Inc. Flexible Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

212.   PLAINTIFFS are informed and believe that Defendant Chipotle Mexican Grill Inc. Flexible Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

213.   PLAINTIFFS are informed and believe that Defendant Coach, Inc. is a Maryland corporation with its corporate headquarters located in New York, New York.  PLAINTIFFS are informed and believe that Coach, Inc. is a plan sponsor and plan administrator for Defendant Coach, Inc. Welfare Benefit Plan.

214.   PLAINTIFFS are informed and believe that Defendant Coach, Inc. Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

215.   PLAINTIFFS are informed and believe that Defendant Cognizant Technology Solutions U.S. Corporation is a Delaware corporation with its corporate headquarters located in College Station, Texas.  PLAINTIFFS are informed and believe that Cognizant Technology Solutions U.S. Corporation is a plan sponsor and plan administrator for Defendant Cognizant Health & Welfare Benefit Plan.

216.   PLAINTIFFS are informed and believe that Defendant Cognizant Health & Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

217.   PLAINTIFFS are informed and believe that Defendant CorVel Corporation is a Delaware corporation with its corporate headquarters located in Irvine, California.  PLAINTIFFS are informed and believe that CorVel Corporation is a plan sponsor and plan administrator for Defendant CorVel Corporation Welfare Benefits Plan.

218.   PLAINTIFFS are informed and believe that Defendant CorVel Corporation Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

219.   PLAINTIFFS are informed and believe that Defendant Diageo North America, Inc. is a Connecticut corporation with its corporate headquarters located in

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Norwalk, Connecticut.  PLAINTIFFS are informed and believe that Diageo North

2  America, Inc. is a plan sponsor and plan administrator for an ERISA plan entitled

3  Medical Care and Life Insurance Plan for Salaried and Retired.

4       220.   PLAINTIFFS are informed and believe that Defendant Duran &

5  Venables, Inc. is a California corporation with its corporate headquarters located in

6  Milpitas, California.  PLAINTIFFS are informed and believe that Duran &

7  Venables, Inc. is a plan sponsor and plan administrator a self-funded ERISA plan,

8  and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The

9  Complaint will be amended to allege this ERISA plan's true name and character

10  when it has been ascertained.

11       221.   PLAINTIFFS are informed and believe that Defendant Dynamic

12  Details Design, LLC is a Delaware limited liability company with its corporate

13  headquarters located in Anaheim, California.  PLAINTIFFS are informed and

14  believe that Dynamic Details Design, LLC is a plan sponsor and plan administrator

15  for Defendant Dynamic Details, Inc. Welfare Benefit Plan.

16       222.   PLAINTIFFS are informed and believe that Defendant Dynamic

17  Details, Inc. Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant

18  to ERISA § 502(d), 29 U.S.C. § 1132(d).

19       223.   PLAINTIFFS are informed and believe that Defendant Emulex

20  Corporation is a California corporation with its corporate headquarters located in

21  Costa Mesa, California.  PLAINTIFFS are informed and believe that Emulex

22  Corporation is a plan sponsor and plan administrator for Defendant Emuflex—The

23  Flexible Benefits Program for Emulex Employees.

24       224.   PLAINTIFFS are informed and believe that Defendant Emuflex—The

25  Flexible Benefits Program for Emulex Employees is an ERISA plan and a proper

26  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

27       225.   PLAINTIFFS are informed and believe that Defendant Ericsson

28  Television Inc. is a Delaware corporation with its corporate headquarters located in

1  Plano, Texas. PLAINTIFFS are informed and believe that Ericsson Television Inc.

2  is a plan sponsor and plan administrator for Defendant Ericsson Television Inc.

3  Employee Benefit Package.

4      226.  PLAINTIFFS are informed and believe that Defendant Ericsson

5  Television Inc. Employee Benefit Package is an ERISA plan and a proper defendant

6  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7      227.  PLAINTIFFS are informed and believe that Defendant

8  GlaxoSmithKline LLC is a Delaware limited liability company with its corporate

9  headquarters located in Philadelphia, Pennsylvania. PLAINTIFFS are informed and

10  believe that GlaxoSmithKline LLC is a plan sponsor and plan administrator for

11  Defendant GlaxoSmithKline Health and Welfare Benefits Plan for US Employees.

12      228.  PLAINTIFFS are informed and believe that Defendant

13  GlaxoSmithKline Health and Welfare Benefits Plan for US Employees is an ERISA

14  plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

15      229.  PLAINTIFFS are informed and believe that HGST, Inc. is a Delaware

16  corporation with its corporate headquarters located in Irvine, California.

17  PLAINTIFFS are informed and believe that HGST, Inc. is a plan sponsor and plan

18  administrator for Defendant Hitachi Global Storage Technologies, Inc. Welfare

19  Benefit Plan.

20      230.  PLAINTIFFS are informed and believe that Defendant Hitachi Global

21  Storage Technologies, Inc. Welfare Benefit Plan is an ERISA plan and a proper

22  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

23      231.  PLAINTIFFS are informed and believe that Defendant Infotech

24  Enterprises America, Inc. is a California corporation with its corporate headquarters

25  located in East Hartford, Connecticut. PLAINTIFFS are informed and believe that

26  Infotech Enterprises America, Inc. is a plan sponsor and plan administrator for

27  Defendant Infotech Enterprises America, Inc. Medical and Dental Plan.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

232.   PLAINTIFFS are informed and believe that Defendant Infotech Enterprises America, Inc. Medical and Dental Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

233.   PLAINTIFFS are informed and believe that Defendant J. Crew Group, Inc. is a Delaware corporation with its corporate headquarters located in Albany, New York.  PLAINTIFFS are informed and believe that J. Crew Group, Inc. is a plan sponsor and plan administrator for Defendant Group Ins. Plan for Associates of J. Crew Group, Inc.

234.   PLAINTIFFS are informed and believe that Defendant Group Ins. Plan for Associates of J. Crew Group, Inc. is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

235.   PLAINTIFFS are informed and believe that Defendant L-3 Communications Corporation is a Delaware corporation with its corporate headquarters located in New York, New York.  PLAINTIFFS are informed and believe that L-3 Communications Corporation is a plan sponsor and plan administrator for Defendant L-3 Communications Funded Group Health and Welfare Plan.

236.   PLAINTIFFS are informed and believe that Defendant L-3 Communications Funded Group Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

237.   PLAINTIFFS are informed and believe that Defendant Lehigh Hanson, Inc. is a Delaware corporation with its corporate headquarters located in Irving, Texas.  PLAINTIFFS are informed and believe that Lehigh Hanson, Inc. is a plan sponsor and plan administrator for Defendant Lehigh Hanson Inc. Health & Welfare Plan Active Employees.

238.   PLAINTIFFS are informed and believe that Defendant Lehigh Hanson Inc. Health & Welfare Plan Active Employees is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

239.  PLAINTIFFS are informed and believe that Defendant Microsemi Corporation is a Delaware corporation with its corporate headquarters located in Aliso Viejo, California.  PLAINTIFFS are informed and believe that Microsemi Corporation is a plan sponsor and plan administrator for Defendant Microsemi Group Benefits Plan.

240.  PLAINTIFFS are informed and believe that Defendant Microsemi Group Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

241.  PLAINTIFFS are informed and believe that Defendant Natus Medical Incorporated is a Delaware corporation with its corporate headquarters located in San Carlos, California.  PLAINTIFFS are informed and believe that Natus Medical Incorporated is a plan sponsor and plan administrator for Defendant Natus Medical Health and Welfare Plan.

242.  PLAINTIFFS are informed and believe that Defendant Natus Medical Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

243.  PLAINTIFFS are informed and believe that Northwestern Polytechnic University is a California corporation with its corporate headquarters located in Fremont, California.  PLAINTIFFS are informed and believe that Northwestern Polytechnic University is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

244.  PLAINTIFFS are informed and believe that Defendant Oasis Outsourcing Holdings, Inc. is a Florida corporation with its corporate headquarters located in West Palm Beach, Florida.  PLAINTIFFS are informed and believe that Oasis Outsourcing Holdings, Inc. is a plan sponsor and plan administrator for Defendant Oasis Outsourcing Inc. Employee Welfare Benefits Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

245.   PLAINTIFFS are informed and believe that Defendant Oasis Outsourcing Inc. Employee Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

246.   PLAINTIFFS are informed and believe that Defendant Opticomp Corporation is a California corporation with its corporate headquarters located in Zephyr Cove, Nevada.  PLAINTIFFS are informed and believe that Opticomp Corporation is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

247.   PLAINTIFFS are informed and believe that Defendant Paychex, Inc. is a Delaware corporation with its corporate headquarters located in Rochester, New York.  PLAINTIFFS are informed and believe that Paychex, Inc. is a plan sponsor and plan administrator for Defendant Paychex, Inc. Employee Health Benefits Plan.

248.   PLAINTIFFS are informed and believe that Defendant Paychex, Inc. Employee Health Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

249.   PLAINTIFFS are informed and believe that Defendant Pole to Win America, Inc. is a California corporation with its corporate headquarters located in Santa Clara, California.  PLAINTIFFS are informed and believe that Pole to Win America, Inc. is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

250.   PLAINTIFFS are informed and believe that Defendant PVH Corp. is a Delaware corporation with its corporate headquarters located in New York, New York.  PLAINTIFFS are informed and believe that PVH Corp. is a plan sponsor and plan administrator for Defendant PVH Corp. & Subsidiaries Health & Welfare Plan.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

251. PLAINTIFFS are informed and believe that Defendant PVH Corp. & Subsidiaries Health & Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

252. PLAINTIFFS are informed and believe that Defendant Science Applications International Corporation is a Delaware corporation with its corporate headquarters located in McLean, Virginia. PLAINTIFFS are informed and believe that Science Applications International Corporation is a plan sponsor and plan administrator for Defendant Science Applications International Corporation Welfare Benefits Trust and for Defendant SAIC Employee Health and Welfare Benefits Plan.

253. PLAINTIFFS are informed and believe that Defendant Science Applications International Corporation Welfare Benefits Trust is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

254. PLAINTIFFS are informed and believe that Defendant SAIC Employee Health and Welfare Benefits Planis an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

255. PLAINTIFFS are informed and believe that Defendant Semtech Corporation is a Delaware corporation with its corporate headquarters located in Camarillo, California. PLAINTIFFS are informed and believe that Semtech Corporation is a plan sponsor and plan administrator for Defendant Semtech Corp Group Medical and Dental Plan.

256. PLAINTIFFS are informed and believe that Defendant Semtech Corp Group Medical and Dental Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

257. PLAINTIFFS are informed and believe that Defendant SPX Corporation is a Delaware corporation with its corporate headquarters located in Charlotte, North Carolina. PLAINTIFFS are informed and believe that SPX

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Corporation is a plan sponsor for Defendant SPX Corporation Comprehensive

2  Medical Care Plan.

3      258.   PLAINTIFFS are informed and believe that Defendant Administrative

4  Committee SPX Corporation is a plan administrator for Defendant SPX Corporation

5  Comprehensive Medical Care Plan.

6      259.   PLAINTIFFS are informed and believe that Defendant SPX

7  Corporation Comprehensive Medical Care Plan is an ERISA plan and a proper

8  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

9      260.   PLAINTIFFS are informed and believe that Defendant R. Steven

10  Peters, Inc. is a California corporation with its corporate headquarters located in

11  Tustin, California.  PLAINTIFFS are informed and believe that R. Steven Peters,

12  Inc. is a plan sponsor and plan administrator a self-funded ERISA plan, and is a

13  proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint

14  will be amended to allege this ERISA plan's true name and character when it has

15  been ascertained.

16      261.   PLAINTIFFS are informed and believe that Defendant TE

17  Connectivity Networks, Inc. is a Delaware corporation with its corporate

18  headquarters located in Berwyn, Pennsylvania.  PLAINTIFFS are informed and

19  believe that TE Connectivity Networks, Inc. is a plan sponsor and plan administrator

20  a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d),

21  29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's

22  true name and character when it has been ascertained.

23      262.   PLAINTIFFS are informed and believe that Defendant Telenav, Inc. is

24  a Delaware corporation with its corporate headquarters located in Sunnyvale,

25  California.  PLAINTIFFS are informed and believe that Telenav, Inc. is a plan

26  sponsor and plan administrator for Defendant Telenav Health and Welfare Plan.

27  ///

28  ///

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   263.   PLAINTIFFS are informed and believe that Defendant Telenav Health

2   and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA

3   § 502(d), 29 U.S.C. § 1132(d).

4   264.   PLAINTIFFS are informed and believe that Defendant Trident

5   Microsystems, Inc. is a California corporation with its corporate headquarters

6   located in Mountain View, California.  PLAINTIFFS are informed and believe that

7   Natus Medical Incorporated is a plan sponsor and plan administrator for Defendant

8   Trident Microsystems, Inc. Health and Welfare Benefit Plan.

9   265.   PLAINTIFFS are informed and believe that Defendant Trident

10   Microsystems, Inc. Health and Welfare Benefit Plan is an ERISA plan and a proper

11   defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

12   266.   PLAINTIFFS are informed and believe that Defendant The Kleinfelder

13   Group, Inc. is a California corporation with its corporate headquarters located in San

14   Diego, California.  PLAINTIFFS are informed and believe that The Kleinfelder

15   Group, Inc. is a plan sponsor and plan administrator for Defendant The Kleinfelder

16   Group, Inc. Health and Welfare Plan.

17   267.   PLAINTIFFS are informed and believe that Defendant The Kleinfelder

18   Group, Inc. Health and Welfare Plan is an ERISA plan and a proper defendant

19   pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

20   268.   PLAINTIFFS are informed and believe that Defendant Tolt LLC is a

21   Delaware limited liability company with its corporate headquarters located in

22   Charlotte, North Carolina.  PLAINTIFFS are informed and believe that Tolt LLC is

23   a plan sponsor for Defendant Tolt Technologies Benefit Welfare Plan.

24   269.   PLAINTIFFS are informed and believe that Defendant Tolt Service

25   Group is a plan administrator for Defendant Tolt Technologies Benefit Welfare

26   Plan.

27   / / /

28   / / /

270.   PLAINTIFFS are informed and believe that Defendant Tolt Technologies Benefit Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

271.   PLAINTIFFS are informed and believe that Defendant Toyota Motor Sales U.S.A., Inc. is a California corporation with its corporate headquarters located in Torrance, California.  PLAINTIFFS are informed and believe that Toyota Motor Sales U.S.A., Inc. is a plan sponsor and plan administrator for an ERISA plan entitled Group Insurance Medical Dental Plan.

272.   PLAINTIFFS are informed and believe that Defendant Tween Brands, Inc. is a Delaware corporation with its corporate headquarters located in New Albany, Ohio.  PLAINTIFFS are informed and believe that Tween Brands, Inc. is a plan sponsor and plan administrator for Defendant Tween Brands, Inc. Comprehensive Welfare Benefits Plan.

273.   PLAINTIFFS are informed and believe that Defendant Tween Brands, Inc. Comprehensive Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

274.   PLAINTIFFS are informed and believe that Defendant UBS Financial Services Inc. is a Delaware corporation with its corporate headquarters located in Weehawken, New Jersey.  PLAINTIFFS are informed and believe that UBS Financial Services Inc. is a plan sponsor for Defendant UBS Financial Services Inc. Group Health and Welfare Benefits Plan.

275.   PLAINTIFFS are informed and believe that Defendant Louis Dimaria, c/o UBS Financial Services Inc., is a plan administrator for Defendant UBS Financial Services Inc. Group Health and Welfare Benefits Plan.

276.   PLAINTIFFS are informed and believe that Defendant UBS Financial Services Inc. Group Health and Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

277.   PLAINTIFFS are informed and believe that Defendant Unisource Worldwide, Inc. is a Delaware corporation with its corporate headquarters located in Norcross, Georgia.  PLAINTIFFS are informed and believe that Unisource Worldwide, Inc. is a plan sponsor and plan administrator for an ERISA plan entitled Health and Welfare Benefits Plan for Salaried and Hourly Non-Union Employees.

278.   PLAINTIFFS are informed and believe that Defendant Vitesse Semiconductor Corporation is a Delaware corporation with its corporate headquarters located in Camarillo, California.  PLAINTIFFS are informed and believe that Vitesse Semiconductor Corporation is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

279.   PLAINTIFFS are informed and believe that Defendant VWR International, LLC is a Delaware limited liability company with its corporate headquarters located in Radnor, Pennsylvania.  PLAINTIFFS are informed and believe that VWR International, LLC is a plan sponsor and plan administrator for Defendant VWR International, LLC Welfare Benefit Plan.

280.   PLAINTIFFS are informed and believe that Defendant VWR International, LLC Welfare Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

281.   PLAINTIFFS are informed and believe that Defendant WPG Americas Inc. is a California corporation with its corporate headquarters located in San Jose, California.  PLAINTIFFS are informed and believe that WPG Americas Inc. is a plan sponsor and plan administrator for Defendant WPG Americas Health and Welfare Plan.

282.   PLAINTIFFS are informed and believe that Defendant WPG Americas Health and Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

283.   PLAINTIFFS are informed and believe that Defendant Wycliffe Bible Translators, Inc. is a California corporation with its corporate headquarters located in Orlando, Florida.  PLAINTIFFS are informed and believe that Wycliffe Bible Translators, Inc. is a plan sponsor and plan administrator for Defendant Wycliffe Bible Translators, Inc. – Medical Health Plan HMO and for Defendant Wycliffe Bible Translators, Inc. Group Life Insurance.

284.   PLAINTIFFS are informed and believe that Defendant Wycliffe Bible Translators, Inc. – Medical Health Plan HMO is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

285.   PLAINTIFFS are informed and believe that Defendant Wycliffe Bible Translators, Inc. Group Life Insurance is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

286.   PLAINTIFFS are informed and believe that Defendant Al-Razaq Enterprises Group Incorporated is a Texas corporation with its corporate headquarters located in Houston, Texas.  PLAINTIFFS are informed and believe that Al-Razaq Enterprises Group Incorporated is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

287.   PLAINTIFFS are informed and believe that Defendant Cordevalle, L.P. is a California limited partnership with its corporate headquarters located in San Martin, California.  PLAINTIFFS are informed and believe that Cordevalle, L.P. is a plan sponsor and plan administrator for Defendant Cordevalle Welfare Benefits Plan.

288.   PLAINTIFFS are informed and believe that Defendant Cordevalle Welfare Benefits Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

289. PLAINTIFFS are informed and believe that Defendant First American Financial Corporation is a Delaware corporation with its corporate headquarters located in Santa Ana, California. PLAINTIFFS are informed and believe that First American Financial Corporation is a plan sponsor and plan administrator for Defendant the First American Financial Corporation Group Life, Medical Dental, Disability Benefits Trust.

290. PLAINTIFFS are informed and believe that Defendant the First American Financial Corporation Group Life, Medical Dental, Disability Benefits Trust is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

291. PLAINTIFFS are informed and believe that Defendant K. R. Anderson, Inc. is a California corporation with its corporate headquarters located in Morgan Hill, California. PLAINTIFFS are informed and believe that K. R. Anderson, Inc. is a plan sponsor and plan administrator for Defendant K.R. Anderson Group Welfare Plan.

292. PLAINTIFFS are informed and believe that Defendant K.R. Anderson Group Welfare Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

293. PLAINTIFFS are informed and believe that Defendant LVI Services Inc. is a Delaware corporation with its corporate headquarters located in Trumbull, Connecticut. PLAINTIFFS are informed and believe that LVI Services Inc. is a plan sponsor and plan administrator for Defendant LVI Services Inc. Health Benefit Plan.

294. PLAINTIFFS are informed and believe that Defendant LVI Services Inc. Health Benefit Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

295. PLAINTIFFS are informed and believe that Defendant Praxair, Inc. is a Delaware corporation with its corporate headquarters located in Dansbury,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Connecticut.  PLAINTIFFS are informed and believe that Praxair, Inc. is a plan

2  sponsor and plan administrator for Defendant Praxair Medical Plan.

3      296.   PLAINTIFFS are informed and believe that Defendant Praxair Medical

4  Plan is an ERISA plan and a proper defendant pursuant to ERISA § 502(d), 29

5  U.S.C. § 1132(d).

6      297.   PLAINTIFFS are informed and believe that Defendant SCI

7  Management, LLC is a Minnesota limited liability company with its corporate

8  headquarters located in Waite Park, Minnesota.  PLAINTIFFS are informed and

9  believe that Defendant SCI Management, LLC is a plan sponsor and plan

10  administrator a self-funded ERISA plan, and is a proper defendant pursuant to

11  ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege

12  this ERISA plan's true name and character when it has been ascertained.

13      298.   PLAINTIFFS are informed and believe that Defendant Zetta, Inc.,

14  d/b/a/ Delaware Zetta, is a Delaware corporation with its corporate headquarters

15  located in Sunnyvale, California.  PLAINTIFFS are informed and believe that Zetta,

16  Inc. is a plan sponsor and plan administrator a self-funded ERISA plan, and is a

17  proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint

18  will be amended to allege this ERISA plan's true name and character when it has

19  been ascertained.

20      299.   PLAINTIFFS are informed and believe that Defendant Luminex

21  Corporation is a Delaware corporation with its corporate headquarters located in

22  Austin, Texas.  PLAINTIFFS are informed and believe that Luminex Corporation is

23  a plan sponsor and plan administrator of a self-funded ERISA plan, and is a proper

24  defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be

25  amended to allege this ERISA plan's true name and character when it has been

26  ascertained.

27      300.   PLAINTIFFS are informed and believe that Defendant Hathaway

28  Dinwiddie Construction Company is a California corporation with its corporate

1149604.2

1  headquarters located in San Francisco, California. PLAINTIFFS are informed and

2  believe that Hathaway Dinwiddie Construction Company is a plan sponsor and plan

3  administrator for Defendant Hathaway Dinwiddie Group Medical and Dental Plan.

4      301.   PLAINTIFFS are informed and believe that Defendant Hathaway

5  Dinwiddie Group Medical and Dental Plan is an ERISA plan and a proper defendant

6  pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).

7      302.   PLAINTIFFS are informed and believe that Defendant Saudi Arabian

8  Cultural Mission is a part of the Royal Embassy of Saudi Arabia, located in Fairfax,

9  Virginia. PLAINTIFFS are informed and believe that Saudi Arabian Cultural

10  Mission is a plan sponsor and plan administrator a self-funded ERISA plan, and is a

11  proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d). The Complaint

12  will be amended to allege this ERISA plan's true name and character when it has

13  been ascertained.

14      303.   PLAINTIFFS are informed and believe that Defendant Farmers

15  Insurance Company, Inc. is a Kansas corporation with its corporate headquarters

16  located in Grand Rapids, Michigan. PLAINTIFFS are informed and believe that

17  Farmers Insurance Company, Inc. is a plan sponsor and plan administrator a self-

18  funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29

19  U.S.C. § 1132(d). The Complaint will be amended to allege this ERISA plan's true

20  name and character when it has been ascertained.

21      304.   PLAINTIFFS are informed and believe that Defendant United States

22  Department of Defense is an agency of the government of the United States of

23  America, located in Washington, D.C. PLAINTIFFS are informed and believe that

24  United States Department of Defense is a plan sponsor and plan administrator a self-

25  funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29

26  U.S.C. § 1132(d). The Complaint will be amended to allege this ERISA plan's true

27  name and character when it has been ascertained.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

305.   The employers who sponsor the ERISA Plans, the Administrators of the ERISA Plans, and the ERISA Plans will be referred to herein as the "ERISA Plan Defendants.

306.   PLAINTIFFS are informed and believe that Defendant Farmers Insurance Company, Inc. is a Kansas corporation with its corporate headquarters located in Grand Rapids, Michigan.  PLAINTIFFS are informed and believe that Farmers Insurance Company, Inc. is a plan sponsor and plan administrator a self-funded ERISA plan, and is a proper defendant pursuant to ERISA § 502(d), 29 U.S.C. § 1132(d).  The Complaint will be amended to allege this ERISA plan's true name and character when it has been ascertained.

### D.   DOE DEFENDANTS

307.   The true names and capacities of the defendants sued herein as DOES are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such defendants by such fictitious names.  Plaintiffs are informed and believe that the DOES are those individuals, corporations and/or businesses or other entities that are also in some fashion legally responsible for the actions, events and circumstances complained of herein, were the agents, representatives, or employees of the other defendants, and may be financially responsible to Plaintiffs for the services they have provided, as alleged herein.  The Complaint will be amended to allege the DOES' true names and capacities when they have been ascertained.

308.   Aetna, the ERISA Plan Defendants and the DOES are collectively referred to herein as the "Defendants."

### E.   AGENCY

309.   PLAINTIFFS are informed and believe that Aetna has entered into administrative service agreements or other contracts with the ERISA Plan Defendants whereby Aetna has agreed to act as the agent of the ERISA Plan Defendants, and has actual or ostensible authority to act on their behalf for: providing plan documents to plan members; communicating with plan members and

healthcare providers, such as PLAINTIFFS; verifying member benefits and eligibility to providers, such as PLAINTIFFS; interpreting plan terms and provisions; receiving PLAINTIFFS' claims; pricing PLAINTIFFS' claims; processing and administering PLAINTIFFS' claims and appeals; approving or denying PLAINTIFFS' claims and appeals; interpreting ERISA plan documents; determining whether and how to pay PLAINTIFFS' claims; issuing remittance advices, claim status reports and explanations of benefits; and making and administering payments.  With respect to every claim at issue in this case, PLAINTIFFS dealt directly with Aetna, submitted the claims for reimbursement to Aetna, communicated about the claims with Aetna, and in many cases received payments from Aetna.

310.   PLAINTIFFS are informed and believe that, as the appointed agents of the ERISA Plan Defendants, Aetna is in possession of all facts, information and data concerning and related to the authorization, processing, determination, pricing, payment, and appeals of all claims submitted by PLAINTIFFS with respect to the benefit plans.

## F.   ASSIGNMENT AND STANDING

311.   As a condition of the provision of services by PLAINTIFFS, each patient signs an agreement assigning his or her health insurance benefits to PLAINTIFFS.  Each assignment of benefits provides for PLAINTIFFS to be paid directly for the services provided to the patient.

312.   PLAINTIFFS received an assignment of benefits for every claim at issue in this litigation.  PLAINTIFFS' standard assignment of benefits reads as follows:

> I, the undersigned, certify that I (or my dependent) have insurance with the above listed carriers, and assign directly to Bay Area Surgical Group, Inc. ("BASG")[1] all insurance benefits, if any, otherwise payable to me for services

---

[1] Knowles Surgery Center, National Ambulatory Surgery Center, Los Altos Surgery Center and Forest Surgery Center have similar assignment of benefits.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

rendered.  I understand that I am financially responsible for all charges whether or not paid by the insurance carrier(s).  I hereby authorize the doctor and facility to release all information necessary to secure payment of benefits.  In addition, I understand that insurance payments made directly to the patient or subscriber for services provided by BASG must be reimbursed to BASG in the form of a check made payable to Bay Area Surgical Group.  I authorize the use of this signature on all insurance submissions.

313.   For every claim at issue in this litigation, Defendants acknowledged and consented to the assignment of benefits, and/or waived any objections to or limitations on the assignment of benefits and the members' right to assign the benefits, by, *inter alia,* receiving and processing PLAINTIFFS' claims, and making and administering payments directly to PLAINTIFFS on such claims.

314.   PLAINTIFFS have standing to pursue the claims for relief in this Complaint as an assignee of the members' benefits under the plans, as a party who has suffered injury in fact and lost money and/or property as a result of the Defendants' conduct, and as a party who rendered services to the members with the knowledge of and at the request of the Defendants and was not appropriately compensated for the fair market value of those services.

315.   In *Misic v. Building Services Employees Health & Welfare Trust*, 789 F.2d 1374, 1379 (9th Cir. 1986), the Ninth Circuit determined that a provider who is "an assignee of [ERISA plan] beneficiaries pursuant to assignments valid under ERISA, has standing to assert the claims of his assignors" against their health plan. Similarly, in *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litigation*, 865 F. Supp. 2d 1002 (C.D. Cal. Aug. 11, 2011), the court emphasized that "'[a] health care provider with an allegedly valid assignment [of benefits] has the same standing [as the beneficiary]' and may bring suit under ERISA." *Id.* at 1042 (quoting *Davidowitz v. Delta Dental Plan, Inc.*, 946 F.2d 1476, 1477 (9th Cir. 1991) (some alteration in original)).

/ / /

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

## II.   GENERAL ALLEGATIONS

### A.   Services Provided by PLAINTIFFS to Defendants' Members and the Nature of the Plans

316.   PLAINTIFFS are, and at all times relevant to this litigation, were operating ambulatory surgery centers ("ASCs") that provides medically necessary health care services related to medical and surgical procedures performed at their facilities.  At all relevant times relevant to this litigation, PLAINTIFFS were not contracted with any of the Defendants, nor "participated" in any of their provider networks.  Thus, PLAINTIFFS are what is known as a "non-contracted" or "out-of-network" provider with respect to Defendants.

317.   At all relevant times herein, PLAINTIFFS have provided health care services to patients who, at the time PLAINTIFFS provided the services, were members of health benefit plans for which Aetna exercised administrative responsibilities (such patients shall hereinafter be referred to as "members").

318.   Individuals and families that receive their health insurance through a private employer-sponsored health benefit plan are typically participants or beneficiaries of plans governed by the ERISA.  Individuals and families who do not receive employer-sponsored health insurance often purchase health insurance policies directly from Aetna.

319.   PLAINTIFFS are informed and believe that the health benefit plans at issue in this matter are governed by ERISA.

320.   PLAINTIFFS are informed and believe that all of the ERISA Plan Defendants at issue permitted their members to obtain medical and surgical services at out-of-network providers, such as PLAINTIFFS.

321.   On or about the time that PLAINTIFFS provided the health care services to each of the members, PLAINTIFFS obtained a written assignment of each member's benefits under the ERISA Plan Defendants.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

B.   **Aetna's Role and Responsibilities With Respect To Claims**

322.   Aetna is one of the nation's largest health insurers.  It underwrites and issues thousands of health insurance plans.

323.   When individuals and families who do not receive employer-sponsored health insurance purchase health insurance policies directly from Aetna, Aetna typically has sole responsibility and discretion to administer and pay claims submitted under such policies.

324.   Aetna also contracts with other entities that provide health benefit plans – such as private employer-sponsored benefit plans, government-sponsored plans, welfare trusts and other sources – in order to provide administrative services.

325.   The administrative responsibilities assumed and exercised by Aetna include, but are not limited to, providing plan members with plan documents, providing access to a network of contracted providers, communicating with plan members and health care providers, such as PLAINTIFFS, interpreting and applying plan terms and provisions, making coverage and benefits decisions, processing and adjudicating benefit claims with respect to health care services provided by both contracted (*i.e.*, "in-network") and non-contracted (*i.e.*, "out-of-network") providers, pricing such benefit claims, making and administering payments with respect to such benefit claims, processing and adjudicating appeals of such benefit determinations, functioning as the plans' "Claims Administrator," functioning as the plans' "Plan Administrator,"  functioning as the Plan Administrator's "designee," functioning as the plans' *de facto* Plan Administrator, functioning as a co-Plan Administrator, and/or other administrative functions.

326.   PLAINTIFFS are informed and believe that for the ERISA Plan Defendants, the plan typically will enter into an "administrative service agreement" with Aetna to perform certain administrative responsibilities, such as those set forth above.  The administrative services agreements appoint Aetna as a Claims Administrator and a fiduciary, and delegate to Aetna authority, responsibility and

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  discretion to administer claims and make final benefits decisions, based on claim

2  procedures and standards that Aetna develops, and in accordance with the plan

3  terms and conditions as interpreted by Aetna. PLAINTIFFS are informed and

4  believe that Aetna collects administrative services fees from the ERISA Plan

5  Defendants for performing the administrative functions. PLAINTIFFS are also

6  informed and believes that the ERISA Plan Defendants were fully aware that Aetna

7  was supposed to interpret plan documents, authorize services, and price claims for

8  reimbursement on their behalf.

9      327. PLAINTIFFS are informed and believe that with respect to certain the

10  ERISA Plan Defendants, Aetna is designated not just as a Claims Administrator, but

11  also as the Plan Administrator for ERISA purposes. With respect to those ERISA

12  Plan Defendants that do not specifically designate a Plan Administrator for ERISA

13  purposes, PLAINTIFFS are informed and believe that Aetna has functioned as the

14  *de facto* Plan Administrator. With respect to those ERISA Plan Defendants,

15  PLAINTIFFS are informed and believe that Aetna has functioned as the designee of

16  the designated Plan Administrator and/or as the co-Plan Administrator. In each

17  case, Aetna functions as a Plan Administrator insofar as it exercised a delegated

18  authority to provide plan documents to participants, receive benefit claims, evaluate

19  and process benefit claims, review and interpret the terms of the plan, make benefit

20  determinations, make and administer benefit payments, adjudicate appeals of benefit

21  determinations, and serve as the primary point of contact for members and providers

22  to communicate regarding benefits and benefit determinations. In carrying out these

23  Plan Administrator functions, Aetna possessed authority and fiduciary discretion to

24  manage and administer the ERISA Plan Defendants, effectively controls the

25  decision whether to honor or deny a claim, exercises authority over the resolution of

26  benefit claims, and/or has responsibility to pay the claims.

27  / / /

28  / / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

C.   **UCR Reimbursement To Out-Of-Network Ambulatory Surgery Centers**

328.   Under some health benefit plans, such as Health Maintenance Organizations ("HMOs"), member benefits are restricted to services provided by in-network providers (except in emergency and other limited circumstances).

329.   In contrast, many health benefit plans, such as Preferred Provider Organizations ("PPOs"), indemnity plans and others, permit their members to access health care providers who are outside the contracted network.  Plans which offer coverage for such out-of-network services, including the services of ASCs, are marketed to prospective members as benefiting them with the freedom and flexibility to choose the health care provider of their choice, including out-of-network providers.  PLAINTIFFS are informed and believe that these plans charge members a higher premium or contribution in exchange for this purported freedom of choice.

330.   PLAINTIFFS are informed and believe that the ERISA Plan Defendants involved in this litigation typically provide that the member has the freedom to choose in-network or out-of-network providers, and that covered services provided by out-of-network providers will be eligible for reimbursement pursuant to the out-of-network benefit provisions of the plan.  The ERISA Plan Defendants also typically provide that in-network providers have agreed to accept specifically negotiated, discounted rates for their services that out-of-network providers have not agreed to accept, and that the ERISA Plan Defendants provide certain incentives to the in-network providers.

331.   PLAINTIFFS are informed and believe that the ERISA Plan Defendants also typically provide that outpatient surgical services performed at an ASC are eligible for coverage under the plans.

332.   PLAINTIFFS are informed and believe that under each of the ERISA Plan Defendants at issue in this litigation that offer in-network and out-of-network

1 coverage, and pursuant to the administrative service agreements between Aetna and

2 the other Defendants, Aetna provides access to its provider network to members of

3 the plans.

4      333.   Some ASCs have written contracts with Aetna, under which they agree

5 to accept reimbursement amounts that are discounted from the ASC's total billed

6 charges, in exchange for the benefits of being an in-network provider (also

7 sometimes called a "contracted" or "participating" provider) for Aetna's network.

8 These benefits typically include an increased volume of business, because the health

9 benefit plans provide financial incentives to their members to utilize the services of

10 in-network providers – such as reduced co-insurance payments, annual deductibles

11 and/or annual out-of-pocket maximums – as well as incentives to the contracted

12 providers.

13      334.   Conversely, some ASCs, including PLAINTIFFS, do not have written

14 contracts to be part of Aetna's network.  They are out-of-network providers (also

15 sometimes called "non-contracted" or "non-participating" providers).  As a result,

16 these ASCs receive a lesser volume of patients from the health benefit plans Aetna

17 administers, but they are not required to accept the discounted in-network amounts

18 for the services rendered to the plan members.

19      335.   Whether the benefits claims are from out-of-network ASCs, such as

20 PLAINTIFFS, or from in-network ASCs, the claims reflect the ASCs' actual billed

21 charge for the claims.  Even though in-network ASCs are typically reimbursed

22 according to the discounted contract rates they negotiated to become part of the

23 network, they still submit their full billed charges on the claim.  This practice is

24 industry standard for all providers, and reflects the well-established fact that charges

25 are not the same as discounted in-network contract rates.  Therefore, Aetna has for

26 many years acquired a wealth of charge data from which it could price

27 PLAINTIFFS' claims through a proper comparison of prevailing charges for similar

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 health care services by similar ASCs within the same geographical market at the

2 time.

3     336.   Each year Aetna processes hundreds of claims submitted by

4 PLAINTIFFS for health care services that PLAINTIFFS provides to members

5 pursuant to the ERISA Plan Defendants and the assignments of benefits under those

6 ERISA Plan Defendants that PLAINTIFFS receive from the members.

7 PLAINTIFFS timely submitted numerous claims for payment to Aetna as a result of

8 services provided by PLAINTIFFS to the members. To date, Defendants have

9 reimbursed PLAINTIFFS for only a fraction of the amount due to PLAINTIFFS in

10 respect of the claims, despite many appeals and demands submitted to Defendants

11 by or on behalf of PLAINTIFFS.

12     337.   At all relevant times, PLAINTIFFS submitted the appropriate claim

13 forms for payment to Aetna. The claim forms include information such as the type

14 of procedure, the coding for the procedure, the fact that PLAINTIFFS are an

15 assignee of the member's benefits, and other information by which the claim can be

16 processed and paid. The claim form also includes PLAINTIFFS' billed charges.

17 These bills are submitted on industry standard forms, commonly known as Uniform

18 Billing ("UB") forms. The "charge" amount that PLAINTIFFS submits on a

19 reimbursement claim is the same regardless of whether the payor is an out-of-

20 network payor, an in-network payor, a government payor, or a private payor. This

21 also is industry standard.

22     338.   PLAINTIFFS' billed charges are competitive with both other out-of-

23 network ASCs and in-network ASCs in the same geographic region in which

24 PLAINTIFFS provides services.

25     339.   In accordance with the assignment of benefits, after processing

26 PLAINTIFFS' claim, either Aetna or the ERISA Plan Defendants sends the

27 reimbursement check and an accompanying EOB directly to PLAINTIFFS, thereby

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

affirming the validity of the assignment of benefits and acknowledging PLAINTIFFS' status as the "beneficiary" and "claimant" for benefits.

340.   In most instances, as an out-of-network provider of health care services, PLAINTIFFS submitted the claims to Aetna for pricing and payment according to a payment rate that in the industry and in plan documents is commonly referred to as the "Usual, Customary and Reasonable" rate, the "Reasonable and Customary" amount, the "Usual and Customary" amount, the "Reasonable Charge," the "Prevailing Rate," the "Usual Fee," the "Competitive Fee," or some other similar phrase that, in the context of the healthcare industry, and in the Defendants' own parlance, means essentially the same thing. The industry shorthand for these terms is "UCR."

341.   For decades, commercial payors like Aetna have purported to reimburse for out-of-network services according to the UCR rate.  The UCR amount is properly determined based on a review of the prevailing or competitive charges for similar health care services by similar types of providers within the same geographical area at the time.  Reimbursement at the UCR rate has become so-well established and understood that some states, including California, now require certain health benefit plans to reimburse out-of-network services at rates using criteria that parallel the industry-standard for determining UCR.  *See, e.g.,* 28 C.C.R. § 1300.71(a)(3)(B) (referring to prevailing provider rates **charged** in the general geographic area in which the services were rendered).

342.   Aetna, through the plan documents, marketing materials, insurance verification and eligibility materials, EOBs, appeal response letters, and other written and oral statements, represented to PLAINTIFFS, and to their members with out-of-network benefit coverage, that it would pay for out-of-network services in an amount that is the lower of either the provider's actual billed charge or the UCR amount.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

343.   For example, in some of its Benefit Plans, Aetna represents that it will pay out-of-network surgery center claims based upon a "Recognized Charge," which it defines as follows:

> Recognized Charge
>
> Only that part of a charge which is less than or equal to the recognized charge is a covered benefit.  The recognized charge for a service or supply is the lowest of:
>
> • The **provider's usual charge** for furnishing it; and
>
> • The charge Aetna determines to be appropriate, based on factors such as the cost of providing the same or a similar service or supply and the manner in which charges for the service or supply are made, billed or coded; or
>
> a)  For non-facility charges: …
>
> b)  For facility charges: Aetna uses the charge Aetna determines to the **usual charge level made for it in the geographic area where it is furnished.** (Emphasis added.)

344.   Therefore, Aetna's definition of a "Recognized Charge" is similar to the definition of UCR applied by the California Department of Managed Health Care – *i.e.,* the rates **charged** by similar providers in the general geographic area in which the services were rendered.

345.   PLAINTIFFS, however, are informed and believe that Aetna, on behalf of itself and the ERISA Plan Defendants – has participated in the systematic underpricing and underpayment of PLAINTIFFS' claims, as well as in the systematic obfuscation, misrepresentation and concealment of that misconduct. Aetna has not, in fact, applied a proper UCR methodology to calculate the payments of PLAINTIFFS' claims, in that it has not priced PLAINTIFFS based upon the rates **charged** by similar providers in the general geographic area in which the services were rendered.  On the contrary, Defendants have, in many cases, paid PLAINTIFFS vastly lower amounts than they paid for similar services to an affiliated out-of-network ASC in the same geographic area at during the same

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

general period of time. PLAINTIFFS are informed and believe that the reduced payments received by PLAINTIFFS were based on Aetna's flawed and improper methodologies for determining UCR, which failed to take into satisfy the UCR standard.

346. PLAINTIFFS are informed and believe that Aetna and the ERISA Plan Defendants know that Aetna's methodologies do not actually establish a UCR amount, and that, as a consequence, PLAINTIFFS are being systematically underpaid for its services. Nonetheless, rather than disclosing the true methodologies being used to calculate the benefit determinations and reimbursement payments for PLAINTIFFS' claims, the Defendants made misrepresentations – to PLAINTIFFS and to their own members – either that Aetna had accurately and appropriately calculated the amount owed to PLAINTIFFS pursuant to the UCR standard, when in fact Aetna did not calculate the payment to PLAINTIFFS based on a comparison of what other similar healthcare providers in the geographic region charge.

### D. Example Claims

347. For example, the following examples demonstrate how Aetna and the ERISA Plan Defendants repeatedly used misrepresentations, omissions, misleading statements and other efforts to conceal its true methods for pricing PLAINTIFFS' claims:

348. Patient A[2]--Defendant Applied Materials, Inc. Welfare Plan

a) Patient A is a beneficiary under the Applied Materials, Inc. Welfare Plan. Patient A came to Knowles Surgery Center for a surgical procedure on June 11, 2012. Prior to the procedure, Knowles Surgery Center obtained an assignment

---

[2] The names of the patients set forth herein as examples have been changed to letters, and the dates of service limited to the month of service, to preserve patient confidentiality. PLAINTIFFS will disclose patient identity information to Defendants on an as-needed basis and pursuant to a protective order.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

1    of benefits from Patient A, as well as an authorization to appeal Aetna's benefit

2    determination as Patient A's designated representative.  Following its regular

3    business practice, Knowles Surgery Center contacted Aetna to verify Patient A's

4    eligibility and out-of-network benefits, which, on information and belief, provided

5    for payment of out-of-network benefits for Patient A at 70% after any applicable

6    deductibles and up to any annual out-of-pocket maximum).  Aetna verified Patient

7    A's eligibility and benefits.  Thereafter, in reasonable reliance on this eligibility and

8    benefit verification, Knowles Surgery Center provided its services to Patient A.

9    PLAINTIFFS billed Aetna in a timely manner, and the total charges for

10   PLAINTIFFS' services were $25,000.

11           b)      In the EOB that Aetna sent to PLAINTIFFS dated July 6, 2012,

12   Aetna stated that the "Amount Allowed" was only $9,807, and, after further

13   applying a patient deductible and the out-of-network benefit level, Aetna paid only

14   $6,864.90 for the claim.  The amounts Aetna allowed and paid on the claim were not

15   reasonable.  PLAINTIFFS are informed and believe that the Applied Materials, Inc.

16   Welfare Plan includes a definition of UCR that is similar the definition of UCR used

17   by Aetna is its Benefit Plans, which is based on the providers' usual charges in the

18   geographic area where the services are provided.  PLAINTIFFS are informed and

19   believe that Aetna's calculation of the allowed amount was not based on the

20   definition of UCR in the Applied Materials, Inc. Welfare Plan.  Instead, Aetna

21   created its own methodology for calculating UCR which is not based on the Applied

22   Materials, Inc. Welfare Plan.  The EOB Aetna provided to PLAINTIFFS for this

23   claim stated: "The member's plan provides benefits for covered expenses at a

24   reasonable charge.  The reasonable charge for this service is determined by Global

25   Claim Services for Aetna.  The amount indicated represents the difference between

26   the submitted amount and the reasonable charge."  The EOB does not refer to the

27   specific provision in the Applied Materials, Inc. Welfare Plan on which Aetna (or

28   Global Claim Services) calculated the payment to PLAINTIFFS, as Aetna is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

COMPLAINT

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  required to do under the ERISA regulations.  29 C.F.R. § 2560-503-1.  Thus, Aetna

2  misrepresented that the reimbursement amount for Patient A was calculated based

3  on UCR, as defined in the ERISA plan, when in fact Aetna knew that the

4  reimbursement was calculated using a methodology that does not reflect UCR, as

5  defined in the ERISA plan.

6          c)     Knowles Surgery Center timely appealed the claim

7  reimbursement. On December 18, 2012, Aetna responded in a letter to PLAINTIFFS

8  stating:

> 9  The basis for this determination is that this member's benefit plan
> 10  provides reimbursement for out-of-network services based upon a
> reasonable or recognized charge.
>
> 11  For outpatient facility claims of $1,000 or more, Aetna's Global Claims
> 12  Services (GCS) reviews hospital or facility charges to determine the
> financial reasonableness and appropriateness of charges.  The process
> 13  used to calculate the reasonable or recognized charges for outpatient
> hospital expenses includes licensed commercial data, which allows plan
> 14  sponsor selection of the percentile used as reasonable or recognized.
> The database is geographically specific, as it is based on the zip code
> regions determined by CMS (Center for Medicare and Medicaid
> 15  Services).

16  These representations were false in that Aetna did not properly apply a UCR

17  methodology to price this claim.  The claim was not based on the complexity of the

18  service, the range of services provided, or the most frequent charge level in the

19  provider's location and in other areas having similar medical experience.  Aetna

20  refused to reprocess the claim and pay a reasonable amount for the services

21  consistent with Applied Material, Inc.'s Welfare Plan.

22       349.   Patient B—Defendant Broadcom Corporation Welfare Plan

23       a) Patient B is a beneficiary under the Broadcom Corporation Welfare

24  Plan.  Patient B came to Knowles Surgery Center for a surgical procedure on May 3,

25  2012.  Prior to the procedure, Knowles Surgery Center obtained an assignment of

26  benefits from Patient B, as well as an authorization to appeal Aetna's benefit

27  determination as Patient B's designated representative.  Following its regular

28  business practice, Knowles Surgery Center contacted Aetna to verify Patient B's

1  eligibility and out-of-network benefits, which, on information and belief, provided

2  for payment of out-of-network benefits for Patient B at 80%  (after any applicable

3  deductibles and up to any annual out-of-pocket maximum).  Aetna verified Patient

4  B's eligibility and benefits.  Thereafter, in reasonable reliance on this eligibility and

5  benefit verification, Knowles Surgery Center provided its services to Patient B.

6  PLAINTIFFS billed Aetna in a timely manner, and the total charges for

7  PLAINTIFFS' services were $42,964.

8            b)      In the EOB that Aetna sent to PLAINTIFFS dated June 8, 2012,

9  Aetna stated that the "Amount Allowed" was only $20,120, and, after further

10  applying a patient deductible and the out-of-network benefit level, Aetna paid only

11  $19,089.19 for the claim.  The amounts Aetna allowed and paid on the claim were

12  not reasonable.  PLAINTIFFS are informed and believe that the Broadcom

13  Corporation Welfare Plan includes a definition of UCR that is similar the definition

14  of UCR used by Aetna is its Benefit Plans, which is based on the providers' usual

15  charges in the geographic area where the services are provided.  PLAINTIFFS are

16  informed and believe that Aetna's calculation of the allowed amount was not based

17  on the definition of UCR in the Broadcom Corporation Welfare Plan.  Instead,

18  Aetna created its own methodology for calculating UCR which is not based on the

19  Broadcom Corporation Welfare Plan.  The EOB Aetna provided to PLAINTIFFS

20  for this claim stated: "The member's plan provides benefits for covered expenses at

21  a reasonable charge.  The reasonable charge for this service is determined by Global

22  Claim Services for Aetna.  The amount indicated represents the difference between

23  the submitted amount and the reasonable charge."  The EOB does not refer to the

24  specific provision in the Broadcom Corporation Welfare Plan on which Aetna (or

25  Global Claim Services) calculated the payment to PLAINTIFFS, as Aetna is

26  required to do under the ERISA regulations.  29 C.F.R. § 2560-503-1.  Thus, Aetna

27  misrepresented that the reimbursement amount for Patient A was calculated based

28  on UCR, as defined in the ERISA plan, when in fact Aetna knew that the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

73

COMPLAINT

1   reimbursement was calculated using a methodology that does not reflect UCR, as

2   defined in the ERISA plan.

3          c)     Knowles Surgery Center timely appealed the claim

4   reimbursement. On November 30, 2012, Aetna responded in a letter to

5   PLAINTIFFS stating:

> The basis for this determination is [Patient B's] benefit plan covers out-
> of-network charges that are Usual, Customary, and Reasonable (UCR).
>
> . . .
>
> For outpatient facility claims of $1,000 or more (such as those at issue
> in this matter), Aetna's Global Claims Services group determines the
> prevailing charge level for the service using the MarketScan database
> licensed from Thomson Medstat. This database consists of charges
> submitted by outpatient facilities to commercial payors and sorted into
> geographic areas using Core-Based Statistical Areas; the charges are
> then arrayed into percentiles according to the procedure code and the
> Core-Based Statistical Area.

13   These representations were false in that Aetna did not properly apply a UCR

14   methodology to price this claim.  The claim was not based on the complexity of the

15   service, the range of services provided, or the most frequent charge level in the

16   provider's location and in other areas having similar medical experience.  Aetna

17   refused to reprocess the claim and pay a reasonable amount for the services

18   consistent with the Broadcom Corporation Welfare Plan.

19          350.   Patient C—Defendant SAP America Health & Welfare Plan

20          a)     Patient C is a beneficiary under the SAP America Health &

21   Welfare Plan.  Patient C came to Los Altos Surgery Center for a surgical procedure

22   on September 26, 2012.  Prior to the procedure, Los Altos Surgery Center obtained

23   an assignment of benefits from Patient C, as well as an authorization to appeal

24   Aetna's benefit determination as Patient C's designated representative.  Following

25   its regular business practice, Los Altos Surgery Center contacted Aetna to verify

26   Patient C's eligibility and out-of-network benefits, which, on information and belief,

27   provided for payment of out-of-network benefits for Patient C at 70% (after any

28   applicable deductibles and up to any annual out-of-pocket maximum).  Aetna

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

1  verified Patient C's eligibility and benefits.  Thereafter, in reasonable reliance on

2  this eligibility and benefit verification, Los Altos Surgery Center provided its

3  services to Patient C. PLAINTIFFS billed Aetna in a timely manner, and the total

4  charges for PLAINTIFFS' services were $151,072.

5          b)      In the EOB that Aetna sent to PLAINTIFFS dated December 21,

6  2012, Aetna stated that the "Amount Allowed" was only $41,829.50, and Aetna paid

7  only this amount for the claim.  The amounts Aetna allowed and paid on the claim

8  were not reasonable.  PLAINTIFFS are informed and believe that the SAP America

9  Health & Welfare Plan includes a definition of UCR that is similar the definition of

10 UCR used by Aetna is its Benefit Plans, which is based on the providers' usual

11 charges in the geographic area where the services are provided.  PLAINTIFFS are

12 informed and believe that Aetna's calculation of the allowed amount was not based

13 on the definition of UCR in the SAP America Health & Welfare Plan.  Instead,

14 Aetna created its own methodology for calculating UCR which is not based on the

15 SAP America Health & Welfare Plan.  The EOB Aetna provided to PLAINTIFFS

16 for this claim stated: "The member's plan provides benefits for covered expenses at

17 a reasonable charge.  The reasonable charge for this service is determined by Global

18 Claim Services for Aetna.  The amount indicated represents the difference between

19 the submitted amount and the reasonable charge."  The EOB does not refer to the

20 specific provision in the SAP America Health & Welfare Plan on which Aetna (or

21 Global Claim Services) calculated the payment to PLAINTIFFS, as Aetna is

22 required to do under the ERISA regulations.  29 C.F.R. § 2560-503-1.  Thus, Aetna

23 misrepresented that the reimbursement amount for Patient A was calculated based

24 on UCR, as defined in the ERISA plan, when in fact Aetna knew that the

25 reimbursement was calculated using a methodology that does not reflect UCR, as

26 defined in the ERISA plan.

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

c)     Los Altos Surgery Center timely appealed the claim reimbursement. On May 16, 2013, Aetna responded in a letter to PLAINTIFFS stating:

> The patient's plan provides reimbursement for out-of-network services based upon a reasonable or recognized charge.  For outpatient facility claims of $1,000 or more, Aetna's Global Claims Services (GCS) reviews hospital or facility charges to determine the financial reasonableness and appropriateness of charges.

> The process used to calculate the reasonable or recognized charges for outpatient hospital expenses includes licensed commercial data, which allows plan sponsor selection of the percentile used as reasonable or recognized.  The database is geographically specific, as it is based on the zip code regions determined by CMS (Center for Medicare and Medicaid Services).

These representations were false in that Aetna did not properly apply a UCR methodology to price this claim.  The claim was not based on the complexity of the service, the range of services provided, or the most frequent charge level in the provider's location and in other areas having similar medical experience.  Aetna refused to reprocess the claim and pay a reasonable amount for the services consistent with the SAP America Health & Welfare Plan.

351.   Patient D—Defendant Bausch & Lomb Comprehensive Medical Plan

a)     Patient D is a beneficiary under the Bausch & Lomb Comprehensive Medical Plan.  Patient D  came to SOAR Surgery Center for a surgical procedure on December 17, 2012.  Prior to the procedure, SOAR Surgery Center obtained an assignment of benefits from Patient D, as well as an authorization to appeal Aetna's benefit determination as Patient D's designated representative.  Following its regular business practice, SOAR Surgery Center contacted Aetna to verify Patient D's eligibility and out-of-network benefits, which, on information and belief, provided for payment of out-of-network benefits for Patient D at 90% (after any applicable deductibles and up to any annual out-of-pocket maximum).  Aetna verified Patient D's eligibility and benefits.  Thereafter, in reasonable reliance on this eligibility and benefit verification, SOAR Surgery

1149604.2

1   Center provided its services to Patient D. PLAINTIFFS billed Aetna in a timely

2   manner, and the total charges for PLAINTIFFS' services were $10,596.

3          b)     In the EOB that Aetna sent to PLAINTIFFS dated February 13,

4   2013, Aetna stated that the "Amount Allowed" was only $5,644, and, after further

5   applying a patient deductible and the out-of-network benefit level, Aetna paid only

6   $5,079.60 for the claim.  The amounts Aetna allowed and paid on the claim were not

7   reasonable.  PLAINTIFFS are informed and believe that the Bausch & Lomb

8   Comprehensive Medical Plan includes a definition of UCR that is similar the

9   definition of UCR used by Aetna is its Benefit Plans, which is based on the

10  providers' usual charges in the geographic area where the services are provided.

11  PLAINTIFFS are informed and believe that Aetna's calculation of the allowed

12  amount was not based on the definition of UCR in the Bausch & Lomb

13  Comprehensive Medical Plan.  Instead, Aetna created its own methodology for

14  calculating UCR which is not based on the Bausch & Lomb Comprehensive

15  Medical Plan.  The EOB Aetna provided to PLAINTIFFS for this claim stated: "The

16  member's plan provides benefits for covered expenses at a reasonable charge.  The

17  reasonable charge for this service is determined by Global Claim Services for Aetna.

18  The amount indicated represents the difference between the submitted amount and

19  the reasonable charge."  The EOB does not refer to the specific provision in the

20  Bausch & Lomb Comprehensive Medical Plan on which Aetna (or Global Claim

21  Services) calculated the payment to PLAINTIFFS, as Aetna is required to do under

22  the ERISA regulations.  29 C.F.R. § 2560-503-1.  Thus, Aetna misrepresented that

23  the reimbursement amount for Patient A was calculated based on UCR, as defined in

24  the ERISA plan, when in fact Aetna knew that the reimbursement was calculated

25  using a methodology that does not reflect UCR, as defined in the ERISA plan.

26          c)     SOAR Surgery Center timely appealed the claim reimbursement.

27  On August 7, 2013, Aetna responded in a letter to PLAINTIFFS stating that it was

28  upholding its previous determination.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

352.   PLAINTIFFS are informed and believe that Aetna has engaged in the same practice with respect to all the other Defendants in this action.  PLAINTIFFS are informed and believe that all of the Benefit Plans at issue in this action have provisions which mandate that out-of-network payments to non-contracted providers, such as PLAINTIFFS, be based on a UCR definition which requires Aetna and the other Defendants to calculate payment based on a comparison of PLAINTIFFS' **charges**  to the **charges** of other similar providers for similar services in the same geographic area as PLAINTIFFS.  PLAINTIFFS are informed and believe that Aetna and the other Defendants did not calculate the payments to PLAINTIFFS based upon the definitions in the ERISA Plans as required by the ERISA regulations, 29 C.F.R. § 2560-503-1, but instead used a methodology created by Global Claim Services which is not based upon the ERISA plans and does not calculate UCR based on a comparison of PLAINTIFFS' **charges**  to the **charges** of other similar providers for similar services in the same geographic area as PLAINTIFFS.  Accordingly, in violation of ERISA, Aetna and the other Defendants have failed to apply the provisions and requirements of the ERISA Plans in paying PLAINTIFFS' claims, and have failed to appropriately and fairly compensate PLAINTIFFS for the medically necessary services PLAINTIFFS  provided to Defendants' members. A complete list of all the patient claims at issue will be provided to Defendants.

### E.    The Harm Caused To PLAINTIFFS

353.   PLAINTIFFS are informed and believe that, and thereon alleges, that all of its claims which were underpaid involve health benefit plans in which out-of-network benefits for ASCs are intended to be paid in accordance with the UCR standard set forth in the ERISA Plans.  It is an abuse of their discretion and fiduciary duties for Defendants to calculate out-of-network benefits according to a methodology which (a) is not based on the ERISA Plans and (b) does not adequately

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

1  compare PLAINTIFFS' charges with charges of similarly-situated providers in the

2  same geographic area at the time.

3      354.   By using flawed and inappropriate methodologies to price and pay

4  PLAINTIFFS' out-of-network, the Defendants have systematically and drastically

5  underpriced and underpaid PLAINTIFFS for its services.  The current amount owed

6  by Aetna to PLAINTIFFS is approximately $26,873,616.82, plus interest.

7      355.   Moreover, Aetna intentionally misled PLAINTIFFS to believe that

8  benefits were reimbursed in accordance with the UCR standard set forth in the

9  ERISA Plans.  As alleged above, when PLAINTIFFS contacted Aetna to verify out-

10  of-network benefits, Aetna routinely led PLAINTIFFS to believe that benefits were

11  available at a UCR rate set forth in the ERISA Plans.  Yet the Defendants rarely

12  paid PLAINTIFFS' claims at the represented percentage of UCR, and instead

13  improperly reimbursed PLAINTIFFS' claims based on one or more arbitrary,

14  capricious, and improper methodologies such as those set forth above.

15      356.   Furthermore, the EOBs, appeal response letters, and other

16  communications from Aetna represented that benefits were in fact determined based

17  on the UCR rate.  At no point did Aetna adequately disclose its true pricing

18  methodologies, which do not satisfy the UCR standard or the provisions in the

19  ERISA Plans.

20      357.   PLAINTIFFS suffers direct harm by incurring expenses to provide the

21  services, and then is forced into the position of incurring further expenses seeking

22  corrected reimbursements from Defendants and having to attempt to collect amounts

23  from members that the members justifiably believe should be covered by their

24  health benefit plans.  PLAINTIFFS are informed and believe that the members also

25  reasonably expected that their health benefit plans, which purport to give them the

26  freedom to choose out-of-network providers, would properly calculate and pay out-

27  of-network benefits according to UCR.  PLAINTIFFS often is unable to collect

28  balances from the members, thereby having to take a loss for its services.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   PLAINTIFFS also suffers a loss on the costs of supplies, space, equipment, etc., that

2   PLAINTIFFS expends to provide the services to Defendants' members.

3       358.   By falsely representing that the members are liable for amounts that the

4   members in fact do not owe under the terms of their health benefit plans, and by

5   forcing PLAINTIFFS to pursue improper amounts from the members, Defendants'

6   illegal and improper actions also have harmed the relationships that PLAINTIFFS

7   has with its patients, making it difficult for PLAINTIFFS to continue to operate its

8   business.

9       359.   PLAINTIFFS are informed and believe that through the wrongful

10   conduct set forth above, Defendants intentionally seek to ruin PLAINTIFFS' ability

11   to compete outside Aetna's "network," and seek to force PLAINTIFFS into

12   accepting low in-network rates and/or agreeing to oppressive contract terms.

13       360.   As a further result of the Defendants' wrongful business practices,

14   PLAINTIFFS are  harmed by having to expend significant time and resources in

15   trying to appeal Defendants' underpayments.

16       361.   As fiduciaries and administrators of Health Plans, the Defendants

17   occupied and continue to occupy a position of trust, by which they must accurately

18   represent the terms and conditions of the plans, must disclose all material facts

19   concerning how plan benefits are priced and determined, and must act in the interest

20   of the plan and the plan's beneficiaries.  Nonetheless, the Defendants either knew or

21   recklessly disregarded the fact that the misrepresentations, omissions, misleading

22   statements and concealments described above were material, and that PLAINTIFFS,

23   as well as the Defendants' members, would and did detrimentally rely on such

24   misrepresentations, omissions, misleading statements and concealments when

25   deciding to provide services, and during the claims adjudication and appeal process.

26       362.   PLAINTIFFS' business and property has been injured as a proximate

27   result of the Defendants' conduct,  in that PLAINTIFFS provided services to

28   members as a result of the Defendants' misrepresentations, omissions and

1149604.2

1  concealments about out-of-network benefits, and PLAINTIFFS has been underpaid

2  approximately $26,873,616.82, plus interest, for the services rendered to members

3  in justifiable reliance on the communications they received from the Defendants

4  concerning pricing and payment of out-of-network benefits.

5      **F.**    <u>**Defendants' Practices Unfairly Shift the Burden of Payment to the**</u>

6      <u>**Patients**</u>

7        363.   PLAINTIFFS are informed and believe that the members of the ERISA

8  Plan Defendants typically pay higher premiums to have the option to obtain the

9  services of out-of-network providers than they would pay if their options were

10  limited to in-network providers (except in emergency circumstances and other

11  limited exceptions).

12        364.   Defendants' failure to appropriately and fairly compensate

13  PLAINTIFFS for its out-of-network claims has not only injured PLAINTIFFS, it

14  has also injured the members – *i.e.*, the patients who have obtained, and want to

15  obtain, services from PLAINTIFFS – by exposing them to significant liability.  In

16  underpricing PLAINTIFFS' claims, Defendants have represented, in EOBs and other

17  documents, that the members are liable to PLAINTIFFS for amounts that should

18  have been covered – *i.e.*, the amount of the claim not paid but that Defendants

19  should have paid if they used an appropriate methodology to calculate UCR.  By

20  systematically underpricing PLAINTIFFS' claims, Aetna and the other Defendants

21  are illegally transferring liability to the members for amounts that should be covered

22  by Defendants if the claims were priced and paid according to the UCR standard and

23  a proper UCR methodology.

24        365.   Moreover, the members are further injured because the plans regularly

25  call for the members to meet certain specified annual out-of-pocket expenditure

26  thresholds – typically called an annual deductible and an annual out-of-pocket

27  maximum – in order to receive benefits or increased benefit levels under the plans.

28  However, any amounts that the members must pay to out-of-network providers

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  because those amounts are above the allowable UCR amounts as determined by

2  Aetna typically do not count toward these threshold expenditures.  Thus, by

3  underpricing PLAINTIFFS' claims using inappropriate UCR methods, the

4  Defendants effectively force the members to pay far larger out-of-pocket costs than

5  the members' plans require.  The result is underpayment of PLAINTIFFS' claims by

6  Defendants, greater liability for the members with respect to PLAINTIFFS' claims,

7  and potential greater liability for the members with respect to future claims by

8  PLAINTIFFS or another provider whose services the member engages.  The

9  combined effect is a gross distortion of the out-of-network benefit provisions set

10  forth in the plans, and the practical evisceration of the freedom to choose out-of-

11  network providers that the plans promise to their members – rights for which

12  members pay increased premiums.

### G.   PLAINTIFFS' Claims Are Deemed Exhausted And Further Appeals Would Be Futile.

15  366.   PLAINTIFFS timely appealed all of the underpaid claims at issue in

16  this case.  With respect to every appeal, Aetna refused to apply the provisions of the

17  ERISA Plans, continued to rely on the determination by Global Services as to what

18  is UCR, and failed to pay PLAINTIFFS a reasonable amount for its services.

19  Therefore, further appeals on the claims would be futile.  In light of the Aetna's

20  long-standing, repeated and systematic refusal to provide anything more than a

21  cursory and false and/or misleading explanation concerning its true methods for

22  calculating reimbursement of PLAINTIFFS' claims, given Aetna's ongoing and

23  continued use of flawed and inappropriate methodologies to underpay claims in a

24  manner that fails to comply with the terms of the ERISA Plans and its own

25  representations, and considering Aetna's repeated and systematic efforts to

26  misrepresent and conceal its methodologies and the fact that it did not reimburse

27  PLAINTIFFS' claims in accordance with the UCR standard, further exhaustion of

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

the inadequate administrative remedies also would have been futile and meaningless.

367.   Moreover, PLAINTIFFS are deemed to have exhausted all administrative remedies available to it because Aetna and the ERISA Plan Defendants failed to establish and follow reasonable claims procedures or a full and meaningful review and appeal process, as required by ERISA.  Aetna and the ERISA Plans have routinely failed to process claims submitted by PLAINTIFFS in a manner consistent or substantially in compliance with ERISA regulations.  *See* 29 C.F.R. § 2560.503-1.  Among other things, Aetna and the ERISA Plans:

(a)   failed to notify PLAINTIFFS of benefit determinations and review determinations within the required amount of time after receipt of the claim or appeal;

(b)   failed to provide the specific reason or reasons for their benefit determinations or review determinations, including information concerning the flawed and inappropriate methods used for pricing PLAINTIFFS' out-of-network claims, and frequently provided inconsistent and conflicting explanations for the same benefit determinations;

(c)   failed to make reference to the specific plan provisions on which their benefit determinations or review determinations were based;

(d)   made materially false and misleading statements concerning their methods for determining reimbursement amounts, and refused to disclose the true internal rules, guidelines, protocols and criteria that were relied upon in making the benefit and review determinations;

(e)   failed to provide PLAINTIFFS with a sufficient description of the ERISA Plans' review procedures;

(f)   failed to provide review of appeals that did not afford deference to the initial benefit determination, and which was conducted by an appropriate named fiduciary of the plan who is independent of the person who made the initial benefit determination;

(g)   denied PLAINTIFFS the right to appeal benefit determinations and/or employed policies designed to unduly obstruct, hamper, and delay the appeal of claims submitted by PLAINTIFFS, including, but not limited to, systematic reliance on inappropriate data, refusal to acknowledge provider appeals as appeals, requiring more than two levels of appeal, and characterizing required levels of appeal as discretionary or voluntary; and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

(h)    denied PLAINTIFFS' efforts to become sufficiently acquainted with the terms of the ERISA Plans, as well as the true methods used to reimburse PLAINTIFFS' claims, thereby rendering the administrative appeal a futile and meaningless endeavor.

368.   Instead of complying with the ERISA regulations, Defendants continue to refuse to apply the provisions of the ERISA Plans dealing with UCR calculations, continue to rely on Global Health Services' inappropriate methodologies and data for calculating UCR, and fail to provide review of appeals that did not afford deference to the initial benefit determination.

369.   ERISA requires that Defendants have a benefit determination and claim appeal process that provides a full, meaningful, and independent review, and that affords plan beneficiaries and claimants broad rights to accurate, timely and substantive information regarding the reasons, rules, methodologies, terms, provisions and interpretations that underlie the benefit determinations. Defendants' false and/or misleading statements, acts of concealment and failures to disclose were knowing and intentional, and had the design and effect of preventing a full and meaningful evaluation and review of the grounds for initial benefit determinations and benefit determinations on review. Defendants' failure to provide a full and fair review of PLAINTIFFS' claims and appeals rarely results in any additional payment. The appeals are therefore rendered futile due to the Defendants' systematic misrepresentations, omissions and misleading statements intended to conceal the true methods that Aetna uses to price PLAINTIFFS' claims.

**H.    <u>Aetna's Conflict of Interest</u>**

370.   PLAINTIFFS are informed and believe that Aetna had numerous motivations to create excuses to delay and ultimately deny PLAINTIFFS' claims. As a result, Aetna's actions were tainted by an actual conflict of interest.

371.   PLAINTIFFS are informed and believe that a primary motivation that Aetna had for underpaying PLAINTIFFS' claims is that Aetna is substantially compensated by the Plans for doing so. PLAINTIFFS are informed and believed

that when Aetna is paid a commission by the Plans based upon the amount of money the Plans "save" by not having to pay Plaintiffs. PLAINTIFFS are informed and believed that Aetna is compensated at a specific percentage of the money that Defendants would otherwise have had to pay to PLAINTIFFS, had Aetna correctly paid PLAINTIFFS' claims. This provided a major incentive for Aetna to find ways to underpay PLAINTIFFS' claims.

372. Aetna's receipt of kickbacks and/or commissions for denying Plaintiffs' claims is a clear and willful violation of California Health & Safety Code § 1399.56 and/or Insurance Code § 796.02, which provide that claims reviewers may not be compensated on the basis of (a) a percentage of the amount by which a claim is reduced for payment; or (b) the number of claims or the cost of services that were denied and not paid.

373. Likewise, Aetna's receipt of kickbacks and/or commissions is an egregious instance of self-dealing and a breach of fiduciary duties it owes to the beneficiaries and participants of the ERISA plans. Aetna's behavior violates, at a minimum, 29 U.S.C. § 1106(b)(2), which states that "A fiduciary with respect to a plan shall not—(1) deal with the assets of the plan in his own interest or for his own account . . . ."

## I. **Failure to Provide Requested Documents**

374. 29 U.S.C. § 1024(b) requires Defendants to produce the "summery plan description . . . or other instruments under which the plan is established or operated."

375. The documents sought by plaintiffs fall within the ambit of this section. As this Court, and the Ninth Circuit, have noted:

> The relevant documents are those documents that provide individual participants with information about the plan and benefits. As the legislative history bears out, the documents contemplated by § 104(b)(4) are those that allow "the individual participant [to] know[]

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

exactly where he stands with respect to the plan – what benefits he may

be entitled to, what circumstances may preclude him from obtaining

benefits, what procedures he must follow to obtain benefits, and who

are the persons to whom the management and investment of his plan

funds have been entrusted. S. Rep. No. 127, 93rd Cong., 2d Sess.

(1974), reprinted in 1974 U.S.C.C.A.N. 4838, 4863.

*Eden Surgical Center v. Budco Group, Inc*., No. CV-09-3991 AHM (Ex), 2010 WL

2180360, at *6 (May 27, 2010) (*citing Hughes Salaried Retirees Action Committee*

*v. Administrator of Hughes Non-Bargaining Retirement Pla*n, 72 F.3d 686, 690 (9th

Cir. 1995)).

376.   29 C.F.R. § 2560-503-1(h) provides in pertinent part:

(h) Appeal of adverse benefit determinations

(1) In general.  Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination.

(2) Full and fair review.  Except as provided in paragraphs (h)(3) and (h)(4) of this section, the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures …

(iii)   Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and **copies of, all documents, records, and other information relevant to the claimant's claim for benefits**. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section; … (Emphasis added.)

377.   In appealing the claims at issue in this case, PLAINTIFFS explicitly

requested that Defendants produce all the documents they are required to produce

under the ERISA statute and regulations.  Every appeal letter included the following

language:

… **we hereby specifically request from you**, this plan administrator or

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

appropriate named fiduciary, any copies of the plan documents under which this plan is operated and upon which the above captioned claim denial is based, procedures, formulas, methodologies, guidelines, schedules, protocols, and other guidelines; all documents which the plan reviewed or could have reviewed in denying this claim; consultant or service provider reports and **the entire claim file** pertinent to this claim denial, **including but not limited to** …

1.    Identification of the Plan Administrator ..

2.    Identification of Appropriate Named Fiduciaries …

5.    Complete copy of Summary Plan Description (SPD) of this plan (not just selected pages), please specify reference to the pertinent plan provisions on which the denial is based and clarify if this SPD provided upon this request is final and complete controlling and governing plan document;

6.    AND If SPD is not final and complete controlling and governing plan document for this plan, please provide a complete copy of your controlling and governing legal documents for this plan, with specific provisions and limitations of coverage, assignment and ERISA rights, including but not limited to any official copy of Medical Plan Document, Master Copy of Group Insurance Policy, Grouop Insurance Certificates and Riders, *upon which this plan is maintained and operated, and your denial decisions are based.* …

10.    Publications, database and schedules used to determine your Usual, Customary and Reasonable charges in accordance with DOL Advisory Opinion 96-14A. …

17.    Complete copy of any past and current contracts between employee benefit plan and third party administrator (TPA) …

378.    In Advisory Opinion 96-14A, the United States Department of Labor stated that if the Plan document does not include the schedule of "usual and customary" fees,

"it is the view of the Department of Labor that, for purposes of section 104(b)(2) and 104(b)(4), any document or instrument that specifies procedures, formulas, methodologies, or schedules to be applied in determining or calculating an participant's or beneficiary's benefit entitlement under an employee benefit plan would constitute an instrument under which the plan is established or operated, regardless of whether such information is contained in a document designated as the 'plan document.'' … Thus, it appears that the schedule of 'usual and customary' fees described in your letter would be required to be disclosed to participants and beneficiaries in accordance with section 104(b)(2) and 104(b)(4) of ERISA."

379.   Defendants failed to provide the requested documents to PLAINTIFFS. For example:

    a)    In most instances, Defendants failed to provide a copy of the SPD or ERISA Plan.

    b)    In every instance, Defendants failed to provide copies of procedures, formulas, methodologies, or schedules applied by Aetna or Global Claims Services in determining UCR amounts.

    c)    In every instance, Defendants failed to provide copies of contracts between Aetna and the ERISA Plan Defendants.

380.   Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. §§ 1132(c)(1); see also id. § 1133, 29 C.F.R. §§ 2650.503-1, 2575.512c-3.

## FIRST CLAIM FOR RELIEF

### Enforcement Under 29 U.S.C. § 1132(a)(1)(B)
### For Failure To Pay ERISA Plan Benefits
### (Against All Defendants)

381.   The allegations of the prior paragraphs of this Complaint are hereby repeated as if fully set forth herein.

382.   This cause of action is alleged by PLAINTIFFS for relief in connection with claims for treatment rendered to members of a ERISA Plans.  This cause of action seeks to recover benefits, enforce rights and clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B).  PLAINTIFFS has standing to pursue these claims as assignee of the members' benefits under the ERISA Plans.  As the assignee of benefits under the ERISA Plans, PLAINTIFFS are a "beneficiary" entitled to collect benefits under the terms of the ERISA Plans, and is the "claimant" for purposes of the ERISA statute and regulations.

383.   ERISA authorizes actions under 29 U.S.C. § 1132(a)(1)(B) to be brought against the ERISA Plans as entities, against the ERISA Plans' administrators, and against other appropriate entities.  PLAINTIFFS are informed

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149604.2

and believe that each of the ERISA Plan Defendants identified as an "ERISA plan" earlier in this Third Amended Complaint are all ERISA Plans.  Therefore, these entities are proper defendants for this claim.

384.   PLAINTIFFS are informed and believe that, with respect to each of the ERISA Plan Defendants at issue in this, Aetna effectively controls the decision whether to honor or to deny a claim under the plan, exercises authority over the resolution of benefit claims, and/or has responsibility to pay the claims.  Therefore, Aetna is a proper defendant for this claim. Aetna also plays a role as the *de facto* plan administrator for such plans. Aetna functioned as plan administrators insofar as it has, among other things, provided plan documents to participants, received benefit claims, evaluated and processed those claims, reviewed and interpreted the terms of the plan, made initial benefit determinations, made and administered benefit payments, handled appeals of benefit determinations, and served as the primary point of contact for members and providers to communicate regarding benefits and benefit determinations.

385.   At all relevant times, PLAINTIFFS was entitled to reimbursement under the ERISA Plans in accordance with the UCR standard on each of the claims at issue in this litigation.  Aetna and the ERISA Plan Defendants breached the ERISA Plans' benefits provisions by underpricing and underpaying PLAINTIFFS for the out-of-network services provided by PLAINTIFFS to the members and covered under the ERISA Plans, and due to PLAINTIFFS as the assignee of the members' out-of-network benefits.  As set forth more fully above, the breaches included failing to pay out-of-network benefits under the plan pursuant to the UCR standard. The breaches also included, among other things, interpreting and implementing the ERISA Plan terms in a way that systematically was arbitrary and capricious, making material misrepresentations regarding the manner in which out-of-network benefits are priced, making false representations that PLAINTIFFS' out-of-network claims were paid based upon a comparison of PLAINTIFFS' charges

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

with amounts charged by similar providers for similar services or supplies, using improper methodologies to miscalculate the UCR rate, systematically reducing benefits paid to PLAINTIFFS for its out-of-network services, and failing to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

386. By reason of the foregoing, PLAINTIFFS are entitled to past due benefits, future benefits, declaratory relief, prejudgment interest, and attorneys' fees. The Court should specifically declare that PLAINTIFFS are entitled to have Aetna and the ERISA Plan Defendants:

(a) compile a valid database of charges by PLAINTIFFS and other similar providers in the same geographic area (the distance that could reasonably be considered appropriate for a member to travel in the same area);

(b) calculate PLAINTIFFS' past and future benefits pursuant to a valid database that takes into account valid data and, in accordance with the UCR standard, the rates charged by PLAINTIFFS and other similar providers for similar services in the same geographic area at the time;

(c) determine the UCR rate for PLAINTIFFS' out-of-network services without reference to discounted contract rates applicable to in-network providers;

(d) determine the UCR rate for PLAINTIFFS' out-of-network services without reference to Medicare rates or schedules;

(e) determine the UCR rate for PLAINTIFFS' out-of-network services without reference to the California OMFS fee schedule, other rates used for workers' compensation claims, or any other state-imposed fee schedule;

(f) pay the correct UCR amounts to PLAINTIFFS for past benefit claims that were underpaid;

(g) pay future PLAINTIFFS benefit claims using an appropriate methodology for determining UCR rates;

(h) issue new EOBs for past benefit claims, and correct EOBs for future benefit claims, that are in compliance with applicable regulatory notice standards;

(i) implement benefit claims and appeal processes that provide a full, meaningful and independent review of benefit determinations, and that are consistent and substantially in compliance with ERISA regulations and the terms of the ERISA

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

Plans; and

(j) cease and desist from employing policies and procedures designed to deny or to unduly obstruct, hamper, and delay PLAINTIFFS' right to appeal the benefit determinations as to its submitted claims.

## SECOND CLAIM FOR RELIEF

### Enforcement Under 29 U.S.C. § 1132(a)(2)
### For Breach of Fiduciary Duty
### (Against All Defendants)

387. The allegations of the prior paragraphs of this Complaint are hereby repeated as if fully set forth herein.

388. This cause of action is alleged by PLAINTIFFS on behalf of all ERISA plan members who received out-of-network services from PLAINTIFFS, and on behalf of the ERISA plans themselves. This is a claim pursuant to ERISA § 502(a)(2), 29 U.S.C. §1132(a)(2), which authorizes ERISA beneficiaries to bring a suit for appropriate relief under 29 U.S.C. § 1109. Section 29 U.S.C. § 1109 provides:

Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

389. PLAINTIFFS have standing to pursue this claim as assignee of the members' benefits under the ERISA plans. As the assignee of benefits under the ERISA Plans, PLAINTIFFS step into the shoes of the "beneficiary" and are also the "claimants" for purposes of the ERISA statute and regulations.

390. Aetna and each of the ERISA Plan Defendants served as a fiduciary for the ERISA plans at issue. As fiduciaries, Aetna and the ERISA Plan Defendants

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   owed the ERISA Plans and the plan members and beneficiaries duties to act with

2   undivided loyalty and prudence in the administration of the plans.

3         391.   Defendants willfully and systematically breached their fiduciary duties

4   of loyalty and prudence by failing to provide benefits and make payments in

5   accordance with the ERISA Plan language and requirements.  Defendants willfully

6   and systematically breached their fiduciary duties by failing to provide a meaningful

7   appeal process and comply with the ERISA regulations in administering claims and

8   appeals.

9         392.   The ERISA Plan Defendants breached their fiduciary duties by

10   continuing to delegate their duties to administer the plans to Aetna even when it

11   became apparent that Aetna was not qualified to do so, and in fact had failed to

12   correctly apply the ERISA Plan language and manage the respective ERISA Plans

13   for the benefit of plan participants and beneficiaries.  PLAINTIFFS are informed

14   and believe that the ERISA Plan Defendants engaged in little or no oversight of

15   Aetna to ensure that Aetna's actions complied with the ERISA Plan language and

16   the requirements of the ERISA statute and regulations.

17         393.   Aetna breached its fiduciary duties by failing to comply with the

18   ERISA Plans and ERISA regulations in pricing and paying PLAINTIFFS' claims or

19   in handling PLAINTIFFS' appeals.  Aetna further breached its fiduciary duties by

20   delegating its duties as the Plan Administrator and/or Claims Administrator for each

21   plan to an unqualified third party, Global Claims Services.  Global Claims Services

22   was not qualified to interpret the ERISA Plan documents or price PLAINTIFFS'

23   claims pursuant to those plans, and Aetna's reason for delegating such claims to

24   Global Claims Services was for the purpose of underpaying PLAINTIFFS' claims

25   and to avoid complying with Aetna's  fiduciary duties towards plan participants and

26   beneficiaries.

27   / / /

28   / / /

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

394.   Pursuant to 29 U.S.C. §1105, named fiduciaries such as the ERISA Plan Defendants are liable for the fiduciary breaches of Aetna because the ERISA Plan Defendants continued to improperly delegate their duties to Aetna.

395.   Also pursuant to 29 U.S.C. §1105, the ERISA Plan Defendants are liable for the breach of their co-fiduciaries, Aetna, because they were aware, or should have been aware, of the breaches being committed by Aetna, yet made no reasonable efforts under the circumstances to remedy the breaches, and in some instances, participated knowingly in, or knowingly undertook to conceal, the improper acts or omissions of Aetna, knowing those acts or omissions were breaches of fiduciary duty.

396.   In light of all Defendants' systematic and willful violations of their fiduciary duties to plan beneficiaries and participants, PLAINTIFFS, as assignee of the members' benefits, on behalf of the members of the ERISA Plans, and on behalf of the ERISA Plans themselves, seek an injunction to remove Aetna from acting as the Plan Administrator and/or Claims Administrator for each of the ERISA plans at issue; or, in the alternative, to compel the ERISA Plan Defendants and Aetna to honor the terms of the plans, and to cease committing willful and systematic breaches of their fiduciary duties.

## THIRD CLAIM FOR RELIEF

**(By Plaintiffs against all Defendants for Production of Documents Under 29 U.S.C. §§ 1024(b), 1104, and 1133(2), and for Statutory Penalties Under 29 U.S.C. § 1132(c)(1))**

397.   The allegations of the prior paragraphs of this Complaint are hereby repeated as if fully set forth herein.

398.   29 U.S.C. § 1024(b) requires Defendants to produce the "summery plan description . . . or other instruments under which the plan is established or operated."

1149604.2

399. 29 C.F.R. § 2560-503-1(h) provides requires Defendants to produce "upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."

400. As set forth above, in appealing the claims at issue in this case, PLAINTIFFS explicitly requested that Defendants produce all the documents they are required to produce under the ERISA statute and regulations. In particular, PLAINTIFFS requested copies of the ERISA Plans, all documents Defendants used to calculate UCR, and copies of contracts between Aetna and the ERISA Plan Defendants.

401. Defendants failed to provide the requested documents to PLAINTIFFS. For example:

      a. In most instances, Defendants failed to provide a copy of the SPD or ERISA Plan.

      b. In every instance, Defendants failed to provide copies of procedures, formulas, methodologies, or schedules applied by Aetna or Global Claims Services in determining UCR amounts.

      c. In every instance, Defendants failed to provide copies of contracts between Aetna and the ERISA Plan Defendants.

402. Section 502(c)(1) of ERISA imposes a fine of up to $110 per day upon a plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary." 29 U.S.C. §§ 1132(c)(1); see also id. § 1133, 29 C.F.R. §§ 2650.503-1, 2575.512c-3.

403. Accordingly, PLAINTIFFS request that Defendants produce the requested documents and the Court impose a fine of up to $110 per day for each day Defendants have failed to provide the requested documents.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

## FOURTH CLAIM FOR RELIEF

### Declaratory and Injunctive Relief Under 29 U.S.C. § 1132(a)
### (Against All Defendants)

404.   The allegations of the prior paragraphs of this Complaint are hereby repeated as if fully set forth herein.

405.   ERISA's civil enforcement provision provides:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or **to clarify his rights to future benefits under the terms of the plan**;

(3) by a participant, beneficiary, or fiduciary

(A) **to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan**, or

(B) **to obtain other appropriate equitable relief**

(i) to redress such violations or

(ii) to enforce any provisions of this subchapter or the terms of the plan;

29 USC § 1132(a) (emphasis added).

406.   ERISA requires a denial of benefits to be accompanied by "adequate notice in writing" including "the specific reasons for such denial."  29 U.S.C. § 1133(1).

407.   In addition, employee benefit plans must provide participants and beneficiaries with "full and fair review by the appropriate named fiduciary of the decision denying the claim."  29 U.S.C. § 1133(2).

408.   The ERISA regulations require plans to "maintain reasonable procedures governing … notification of benefit determinations, and appeals of adverse benefit determinations."  29 C.F.R. § 2560.503-1(b).

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

409.   When a plan makes an adverse benefit determination, the ERISA regulations require the plan administrator to provide written or electronic notification "in a manner calculated to be understood by the claimant" and to include the following information:

(i) The specific reason or reasons for the adverse determination;

(ii) Reference to the specific plan provisions on which the determination is based;

(iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

(v) In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,

(A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or

(B) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

(vi) In the case of an adverse benefit determination by a group health plan concerning a claim involving urgent care, a description of the expedited review process applicable to such claims.

29 C.F.R. § 2560.503-1(g).

410.   The ERISA regulations also require "at least 60 days" after notification "within which to appeal the determination."  29 C.F.R. § 2560.503-1(h).

411.   The ERISA Plan Defendants and Aetna have violated the ERISA statute and regulations in that they have made adverse benefit determinations

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  without complying with these standards.  The ERISA Plan Defendants and Aetna

2  have made adverse benefit determinations – in the form of denying claims for

3  benefits, partially paying claims for benefits, and seeking to recoup past payments

4  from PLAINTIFFS – (a) without providing "adequate notice in writing" including

5  "the specific reasons for such denial," 29 U.S.C. § 1133(1), (b) without providing

6  "(i) [t]he specific reason or reasons for the adverse determination, (ii) [r]eference to

7  the specific plan provisions on which the determination is based, (iii) [a] description

8  of any additional material or information necessary for the claimant to perfect the

9  claim and an explanation of why such material or information is necessary," or any

10  of the other requirements of 29 C.F.R. § 2560.503-1(g), and (c) without providing

11  PLAINTIFFS "at least 60 days" after notification "within which to appeal the

12  determination." 29 C.F.R. § 2560.503-1(h).

13       412.   PLAINTIFFS seek a declaration by the Court clarifying their rights

14  under ERISA and the ERISA regulations, and that Defendants have violated the

15  ERISA statutes and regulations in issuing adverse benefit determinations to

16  PLAINTIFFS' claims.

17       413.   PLAINTIFFS seek an injunction by the Court enjoining Defendants

18  from violating the ERISA statutes and regulations in issuing adverse benefit

19  determinations to PLAINTIFFS' claims.

20                 **FIFTH CLAIM FOR RELIEF**

21    **(By All Plaintiffs for Unfair Business Practices in Violation of California**

22           **Business & Professions Code §§ 17200 *et seq*.)**

23       414.   The allegations of the prior paragraphs of this Complaint are hereby

24  repeated as if fully set forth herein.

25       415.   PLAINTIFFS assert this cause of action in their own independent right,

26  and not based upon the Assignment of Benefits Plaintiffs received from their

27  patients.

28

416.   Aetna has engaged in unfair, unlawful and/or fraudulent business acts and practices against Plaintiffs by, *inter alia*:

   a.  using arbitrary, capricious and improper methods to improperly underpay Plaintiffs' claims;

   b.  receiving kickbacks and/or commissions for underpaying PLAINTIFFS' claims in violation of California Health & Safety Code § 1399.56 and/or Insurance Code § 796.02, which provide that claims reviewers may not be compensated on the basis of (a) a percentage of the amount by which a claim is reduced for payment; or (b) the number of claims or the cost of services that were denied and not paid; and

   c.  engaging in unfair payment patterns;

   d.  misrepresenting to PLAINTIFFS the actual methods used to calculate payment of the claims; and

   e.  selling PPO insurance to its members but usual unfair and illegal actions and tactics designed to prevent its members from obtaining care at out-of-network providers and benefitting from their PPO insurance.

417.   This conduct by Defendants constitutes illegal and unfair business practices under California Business and Professions Code § 17200, *et seq*.  As a result of their acts of unfair competition, Defendants have and continue to receive and retain monies that rightfully belong to PLAINTIFFS as compensation for rendering covered, medically necessary services to the plan members.

418.   PLAINTIFFS have thus suffered injury in fact because they have been denied the payment to which they are legally entitled for the medically necessary services provided to Defendants' members.

419.   Defendants' unfair competition is likely to continue absent judicial intervention.  This conduct threatens not only PLAINTIFFS' economic well being and future viability, but also the health of the public and the needs of California residents who have Aetna PPO policies.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

420.    California Business and Professions Code § 17203 provides that any court of competent jurisdiction may enjoin any person from engaging in unfair competition and restore to any person who is a victim of that unfair competition any money acquired thereby.  PLAINTIFFS seek restitution of an amount to be proved at trial, plus applicable statutory interest, which is the amount that the Defendants are obligated to pay PLAINTIFFS for the services it provided to plan members. PLAINTIFFS further seek an injunction prohibiting the Defendants' ongoing conduct in using the inappropriate methodologies to deny or underpay PLAINTIFFS' claims for medical treatment provided to plan members. Furthermore, the injunction should force the Defendants to correctly price past and future claims by PLAINTIFFS by determining UCR based on appropriate UCR data and methodologies, and to prevent Aetna from taking any actions designed to dissuade their members from using the out-of-network benefits in their PPO policies.

421.    PLAINTIFFS' legal remedies are inadequate in that the Defendants' unfair, unlawful and fraudulent conduct is ongoing and repeated litigation to correct its ongoing actions is inefficient for the parties and the Court.  PLAINTIFFS' damages cannot be compensated in terms of money and are difficult or impossible to ascertain in terms of monetary damages.  Defendants' conduct alleged in this Complaint are continuing and will continue unless restrained by this Court.

**WHEREFORE**, PLAINTIFFS prays for and demands judgment against the Defendants as set forth above and as follows:

1.    For a declaration that PLAINTIFFS are entitled to have Aetna and the ERISA Plans calculate UCR based on the ERISA and Aetna Plan documents:

2.    For damages in the amount of $26,873,616.82.

3.    For interest at the applicable legal rate.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149604.2

1    4.    For attorneys' fees.

2    5.    For such other relief as the Court deems just and proper

4    DATED: November 21, 2013    HOOPER, LUNDY & BOOKMAN, P.C.

By: _____

DARON L. TOOCH

Attorneys for Plaintiffs BAY AREA SURGICAL GROUP, INC.; KNOWLES SURGERY CENTER, LLC, NATIONAL AMBULATORY SURGERY CENTER, LLC, LOS ALTOS SURGERY CENTER, LP, FOREST AMBULATORY SURGERY CENTER, LP, and SOAR SURGERY CENTER, LLC

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

COMPLAINT

1149604.2