UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY AREA SURGICAL GROUP, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AETNA LIFE INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 5:13-cv-05430-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM STAY**<br><br>Re: Dkt. No. 707 |

On June 17, 2014, this action asserting violations of the Employee Retirement Income Security Act of 1974 was stayed in favor of related litigation pending in state court. See Docket Item No. 697. Now before the court is a motion for relief from that stay, filed by Plaintiffs Bay Area Surgical Group, Inc., Knowles Surgery Center, LLC, National Ambulatory Surgery Center, LLC, Los Altos Surgery Center, LP, Forest Ambulatory Surgery Center Associates, LP, and SOAR Surgery Center, LLC (collectively, "Plaintiffs"). See Docket Item No. 707. Defendant Aetna Life Insurance Company ("Aetna"), along with several other defendants, have filed a written opposition to the motion. See Docket Item No. 709. Other separately represented defendants have joined in Aetna's opposition. See Docket Item Nos. 710-714.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for May 14, 2015, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

　　1.　　The district court's "power to stay proceedings is incidental to the power inherent

1

Case No.: 5:13-cv-05430-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM STAY

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

2. In order to determine whether a Landis stay should be implemented, various interests must be considered: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. See Landis, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

3. The court previously found that a stay would be efficient based on similarities between this case and the state court action. One issue was particularly compelling: "a state-court determination on proper calculation of the UCR could provide considerable assistance to this court when resolving Plaintiffs' federal claims." Moreover, the court determined that the potential prejudice to Aetna in the absence of a stay outweighed any minimal prejudice to Plaintiffs if a stay was imposed.

4. Plaintiffs argue that the stay should be lifted because their underpayment claims against Aetna have been stayed, while Aetna's claims against Plaintiffs for overpayment will proceed in state court. This issue - the apparent result of a conscious litigation decision by

2
Case No.: 5:13-cv-05430-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM STAY

1 Plaintiffs - was considered when the stay was originally imposed and was deemed unpersuasive.

2 See Docket Item No. 697 ("It is undeniable that the situation in which Plaintiffs now find

3 themselves is something of their own creation. Although Plaintiffs could have maintained legal

4 and equitable claims against the self-insured plans in the state court litigation, Plaintiffs

5 voluntarily chose to dismiss those claims from that case and pursue them exclusively in this

6 one."). Since little has changed other than the passage of time, it is no more persuasive now. As

7 far as this court is aware, the state court still has not undertaken a UCR calculation, and the

8 potential for significant prejudice to Aetna in litigating both cases simultaneously still exists.

9     5. Plaintiffs also suggest prejudice from a continuance of the state court trial date.

10 The court does not agree that the short continuance from May to October is prejudicial to

11 Plaintiffs. Any additional delay in the state court proceedings should be addressed in the status

12 statements previously ordered.

13 Based on the foregoing, Plaintiffs' motion for relief from the stay (Docket Item No. 707) is

14 DENIED.

16 **IT IS SO ORDERED.**

17 Dated: May 11, 2015

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

3
Case No.: 5:13-cv-05430-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM STAY